# City of Philadelphia, to use of Johnson, *versus* Wistar.

1. Where a plea sets up but a single defence, although suggesting several facts, it is not demurrable for duplicity.

2. If one of several pleas raise a sufficient defence to the plaintiff's whole right of action, and that plea was admitted in fact by a demurrer, the court were clearly right in entering judgment for the defendant on the whole record, although there were other issues pending, and others had been decided in favor of plaintiff.

January 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1879, No. 37.

Scire facias sur claim for curbing, filed by the city of Philadelphia, to the use of Joseph Johnson and others, against a lot of ground on the east side of Broad street, above Race street, and Richard Wistar, owner. The claim was for work done and materials furnished in laying one hundred and twenty-one feet of curbstone in front of said lot.

The defendant, in brief, pleaded, 1. Nil debet. 2. Payment with leave. 3. That the work was done without authority of law. 4. That before the work was done by claimants, the sidewalk in front of defendant's lot had been well and properly paved and curbed in accordance with the city ordinances; that the curb laid by claimants cost three times as much as that in general use throughout the city; that the work done by claimants was part of a scheme by which it was intended to make Broad street a great public and ornamental thoroughfare and public drive, and was therefore without authority. 5. That at the time the work was done, the front of the lot was paved and curbed as required by the city ordinances, and that the repavement was without authority. 6. That the ordinance under which the work was done was repealed on May 9th 1873, and the lien was not filed until some time thereafter.

The plaintiffs joined issue on the first and second pleas, demurred to the third, fourth and sixth, and to the fifth pleaded specially " that the defendant had not, before the filing of said claim, set curbstones on the line of Broad street in front of the property described in said claim, as the said line was duly established at the time claimants did said work." The defendant demurred to this replication on the ground that it did not traverse, confess or avoid the allegations in the plea, and that it was argumentative. The court gave judgment for plaintiffs on their demurrer to third and sixth pleas, and judgment for defendant on

[City of Philadelphia *v.* Wistar.]

demurrer to fourth plea, and on his demurrer to replication to fifth plea.

Subsequently the court made absolute a rule to enter judgment for the defendant on the whole record, when the plaintiff took this writ, and alleged that the court erred, 1. In entering judgment for the defendant on the demurrer to the fourth plea; 2. In entering judgment for the defendant on his demurrer to the replication to the fifth plea; 3. In entering judgment on the whole record.

*David W. Sellers*, for plaintiffs in error.—The fourth plea is double and cannot be replied to issuably. It avers several facts which are immaterial. It purports to plead as to matters of fact but vaguely suggests matters of law. And the material matters therein are at issue in the first and second pleas.

In reading the fifth plea, it will be perceived that it is doubtful if defendant meant to aver that the curb laid by him was on the line at which the curb was set by claimants. The claim referred to a curb-line fixed under the ordinance of 1872. The plea does not aver that the curb was on a different line. To avoid mistake, the replication made a new assignment, that the curbing done was not on the line for which the claim was filed. If claimants had traversed plea on the theory that it meant to traverse the claim, a departure might have taken place in pleading, according as the judge at Nisi Prius might have construed it. As, however, from the demurrer the defendant construes his plea to mean that he had curbed his footway when it was of a different width, judgment should have gone for the plaintiff on the whole pleading, unless it be held that the city is powerless to change the width of a footway on a public street, and if she does so, it cannot be curbed at the expense of the owner.

It may be conceded that the court below was right in entering judgment for the defendant on the whole record, if it was right in entering judgment in his favor on the other pleas: 1 Saund. Rep., 80 a, Note 1; but it is error, unless the first plea, to wit.: *nil debet*, and the second plea, to wit: payment with leave, be considered as withdrawn. To allow these to stand, and yet pass judgment on the whole record, is error.

*J. Howard Gendell*, for defendant in error.—Local assessments are only constitutional when they are imposed for local improvements, which clearly confer special benefits on the property assessed, and to the extent of that benefit. Where, in compliance with the law for the time being, a pavement is laid down by an owner which is of proper and sufficient width, similar in style to those in other parts of the city, well laid, remaining in good order and condition and properly curbed, no existing act or ordinance

[City of Philadelphia *v.* Wistar.]

authorizes the city to tear such a pavement or curbing up and require the owner to pay for laying a similar or better one down again: Hammett *v.* The City, 15 P. F. Smith 146; Washington Avenue, 19 Id. 352; Wister *v.* The City, 30 Id. 505; Seely *v.* City of Pittsburgh, 1 Norris 360.

It is difficult to see what advantage it would be to the plaintiff to go on and try other issues when there is an ascertained valid defence to his whole action: 1 Saund. Rep. 80 a, note 1.

The judgment of the Supreme Court was entered, January 19th 1880,

Per Curiam.—This case is ruled by Wistar *v.* The City, 30 P. F. Smith 505. If any plea raised a sufficient defence, and that plea was admitted in fact by a demurrer, the court were clearly right in entering judgment for the defendant upon the whole record. Now the fourth plea set up the facts which, in Wistar *v.* The City, were held to constitute a good defence to the claim. It was objected that the plea was double and could not be replied to issuably. But a plea may suggest many facts when they all go to make up a single defence: Blair *v.* Singerly, 7 Phila. R. 230; Crogate's Case, 8 Rep. 67. It was accordingly held in Robinson *v.* Bayley, Burrows 316, that to a plea of a right of common, the replication might deny that the cattle belonged to the defendant, that they were levant and couchant upon the premises, and were commonable cattle. Lord Mansfield said: "It is true you must take issue upon a single point; but it is not necessary that this single point should consist only of a single fact." Now the point is that the city could not recover the cost of the curbing from the properties on the street. The whole plea might have been traversed, or, if the plaintiff had so chosen, he might have traversed any one of the facts necessary to constitute the defence. There is no general issue to a scire facias on a municipal claim, and it cannot, therefore, be objected that this plea amounts to the general issue.

Judgment affirmed.