## Richard Wistar *versus* The City of Philadelphia.

1. Where a property owner has well and properly set curbstones in front of his property, at his own expense, on the proper line, in accordance with the style in common use, and they are in good order and repair, the expense of replacing them with others cannot be provided by an assessment upon his property.

2. Wistar *v.* Philadelphia, 11 Norris, 30 P. F. S., 505, followed.

January 29th, 1886. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of July Term 1885, No. 63.

On the 25th of September, 1875, the following lien was filed :

The City of Philadelphia, to the use of Joseph Johnson, James Holgate, and LaFayette Horter *v.* Richard Wistar, owner. In the Common Pleas, No. 3, in and for the City and County of Philadelphia.

The City of Philadelphia hereby files its claim to the use of Joseph Johnson, James Holgate, and Lafayette Horter, against all that certain lot or piece of ground whereon the building 1009 Market street is erected, &c., for work done and materials furnished on Market street in front of said lot, and duly assessed and charged as follows, to wit :—

1875. May 26. For 22 linear feet of curbstone, at
$1.75,     .     .     .     .     . $38.50
For measuring charge, .     .     . 1.94
5 per cent. imposed by act of March 23d, 1886, 2.00
$$\overline{\phantom{xxxxxx}}$$
$42.44

Forty-two dollars forty-four cents, said work having been done pursuant to direction and order of the Highway Department, under authority of an ordinance approved December

31st, 1874, after the owner of the above-described ground had been notified to cause the curb in front of the same to be set with cut granite curbstones, and had neglected and refused to set curb as aforesaid for more than thirty days after said notice, for which sum of $44.44, with interest thereon, a lien is claimed upon the above described premises, pursuant to divers statutes enacted and provided.

On the 21st of September, 1884, a *scire facias* was issued on this lien. The defendant filed his plea, and on the 10th of November, 1884, the parties agreed to the following case stated:

The following case, in the nature of a special verdict, is stated for the opinion of the court:—.

By an Ordinance of the Councils of the City of Philadelphia, entitled "An Ordinance to make an appropriation to the Department of Highways, Bridges and Sewers for the year 1875," approved December 31st, 1874, and printed in the ordinances of 1874, pp. 518–522, the following appropriation, *inter alia*, is made to that Department:—

"Item 37. For paving Market street from Tenth to Juniper street, thirty thousand (30,000) dollars."

Market street in front of defendant's premises was then, and for many years had been, a highway of the city of Philadelphia, paved with cobble stones in accordance with the manner in which most of the streets of the city were and are paved, and the sidewalk in front of defendant's premises was supported by a curbstone well and properly set, at defendant's expense, on the proper line, in accordance with the style in common use, and was in good order and repair.

By reason of said appropriation, a contract was entered into between the City of Philadelphia and said claimants, Johnson, Holgate and Horter, for the paving of the cartway of Market street with Belgian blocks, and said pavement was duly laid. The defendant having neglected to comply with notice given to replace his curb with a new cut granite curb, the Highway Department ordered and directed the said claimants to set such curb, which was accordingly done by them, and for the price or charge thereof this claim was filed.

It is further agreed that each party shall be at liberty to cite all laws and ordinances, general, local, or special, bearing on the case, and to read the same from the printed volumes, with the same effect as if herein set forth at length.

If upon the foregoing facts the court are of opinion that the plaintiff is entitled to recover in this action, then judgment shall be entered for plaintiff for the amount of the claim, with interest, &c. Otherwise, judgment shall be entered for defendant. Each party reserves a right to a writ of error, &c.

[Wistar *v.* City of Philadelphia.]

The ordinances to which reference was made in the argument in the court below were the following:

Ordinance of February 12th, 1852, entitled " An Ordinance to prescribe the size and character of curbstones in the streets which are to be paved with cubical blocks, passed. February 12th, 1852."

" Sect. 1. That where the cartway of any public street shall be ordered paved with cubical blocks, every owner of the lot or lots of ground opposite such pavement, shall cause the foot pavement to be supported with cut granite curbstones, which shall not be less than eight inches in thickness, two feet in depth, and each stone not less than six feet in length; and in case such owner neglect or refuse so to curb his footway, then the same proceeding shall be had as are now authorized in the case of the owners of lots neglecting or refusing to curb their footways."

An ordinance of May 3d, 1855, entitled " An Ordinance to regulate the manner of paving the streets in the city of Philadelphia, and to provide for the payment of the expense thereof." A portion of Section 1 is as follows:—

" The Select and Common Councils of the City of Philadelphia do ordain, That the cartways of the public streets and highways of the city of Philadelphia (except at the intersections thereof) shall be paved at the expense of the owners of the ground fronting thereon, and the repaving of the same shall be done at the expense of the city," &c., &c., &c.

And also an ordinance of December 31st, 1874, entitled "An Ordinance to make an appropriation to the Department of Highways, Bridges and Sewers for the year 1875." Item 37 of section 1 contains, among others, the following provision:

" For paving with Belgian blocks, upon plans and specifications of the Chief Commissioner of Highways, . . . . . Market street, from Tenth to Juniper street," and appropriating $30,000 to that purpose.

The Acts of Assembly relative to municipal claims which are made a part of the case stated are as follows:—

Act of April 16th, 1840, section 9 (P. L., 412):—

" It shall be lawful to file . . . . . in the office of the prothonotary . . . . . all claims and demands due . . . . . for pitching and paving streets, . . . . . for curbing, paving, and repairing any footway within the same."

Same act, section 10, authority is given:—

" At any time after the filing of the claim, to proceed to recover the amount thereof by writ of *scire facias* against the real estate upon which it is a lien."

Act of April 10th, 1843, section 1 (P. L., 342), provides that:—

[Wistar *v.* City of Philadelphia.]

" In all actions, whether by *scire facias* or otherwise, . . . . for the recovery of any sum claimed for paving, curbing, . . . . . it shall only be required to be proved . . . . . to entitle a recovery . . . . . that the said work was done, or the materials furnished, and the just value thereof; and upon any such trial, it shall only be lawful for the defendant to deny that the work was done, or materials furnished, or prove that the price charged therefor is greater than the value thereof, or that the amount claimed has been paid or released."

Act of March 16th, 1846, section 1 (P. L., 115), provides that :—

" Such claims may, in suits thereon, be read as evidence of the facts therein set forth."

These acts in their texts applied to the incorporated districts, and not to what was then known as the old city.

Act of April 16th, 1838, section 3 (P. L., 626). " It shall and may be lawful for the Select and Common Councils of the City of Philadelphia, . . . . . at the expense of the owner or owners of the property adjoining, to regulate, grade, pave and re-pave, curb and re-curb the said footways or sidewalks . . . . . "

The Act of February 2d, 1854, (commonly called the Consolidation Act), provided :—

Section 40. " That it may be prescribed by ordinance that paving of streets, except at the intersection thereof, and of footways and of laying of water pipes within the limits of the city, shall be done at the expense of the owners of ground in front whereof such work shall be done, and liens may be filed by said city for the same as is now practiced and allowed by law."

Act of April 28th, 1873, (P. L., 854) :—

" That the Select and Common Councils of the City of Philadelphia be and they are hereby authorized and empowered to alter and regulate the curb lines and heights, and determine and make uniform the widths of the footways of the streets within the limits of the said city."

In 1875 the councils provided for the paving of Market street with Belgian blocks. This was done, and in accordance with ordinance of February 12th, 1852, the foot pavement was supported with cut granite stones, for which the claim was filed.

The judgment of the court was for the plaintiff for $67.46. The defendant took this writ assigning for error the entering of this judgment.

*J. Howard Gendall*, for plaintiff in error.—The case stated raises two questions :

1. Has the city of Philadelphia the power to re-pave Market Street—one of its oldest streets—and in doing so to require the property owner to take up a good and sufficient curb-stone, similar to those in common use all over the city, well and properly set and in good order, and to substitute for it an expensive cut granite curb? And in default of his so doing, may the city do this and change him with the cost?

2. Is the appropriation ordinance a sufficient authority for the work?

1. The first of these questions would seem to be sufficiently answered by Wistar *v.* Philadelphia, 30 Smith, 505; and Philadelphia *v.* Wistar, 11 Norris, 404. Broad Street, in Philadelphia, was re-paved. It was held that while the cost of the original paving could be charged against the property owners, the cost of the re-paving could not: Hammett *v.* Philadelphia, 15 Smith, 146. In the re-paving, the cartway was narrowed, thus changing the curb line, and the City Councils passed an ordinance requiring property owners to set a cut granite curb on the new line. In the two decisions cited, Wistar *v.* Philadelphia and Philadelphia *v.* Wistar, this court decided that the city had no such power.

2. But are there any ordinances requiring this cut granite curb to be substituted for the old one? If not, it is manifest that the action of the Highway Department in ordering and directing the claimants Johnson, Holgate and Horter, to set the curb, was unauthorized, and will not support the claim: Reilly *v.* The City, 10 Smith, 467; City *v.* Stewart, 1 W. N. C., 242; Philadelphia *v.* Sauger, 5 W. N. C., 335; Fell *v.* Philadelphia, 31 Smith, 58; Philadelphia *v.* Edwards, 28 Smith, 62; Greer *v.* The City, 29 Leg. Int., 52.

*David W. Sellers*, for defendant in error.—It will be perceived that the case stated does not suggest that the requirements of the ordinance were unreasonable—it simply raises the question of power. Has the city power under the law to change the cartway paving, and fix the proper kind of curb? If it be conceded that she has, then is the owner to govern the city in its reasonable charges, or must he obey a reasonable law and ordinance? Such acts and ordinances have always been held valid: Com. *v.* Woods, 8 Wright, 113.

Mr. Justice CLARK delivered the opinion of the court, February 15th, 1886.

This is a *scire facias* upon a municipal claim, filed by the city of Philadelphia, to the use of Joseph Johnson *et al.*, against all that certain lot of ground in said city, whereon the building, No. 1009 Market Street, is erected, and of which

Richard Wistar is owner, for work done and material furnished, in setting new cut granite curbstones in front of the same, pursuant to the directions of the Highway Department, under authority of the ordinance of councils approved 31st December, 1874. A case was stated, in the nature of a special verdict, for the opinion of the court, from which we learn that, by the ordinance referred to, the sum of $30,000 was appropriated for paving Market Street from Tenth to Juniper.

Market Street, in front of defendant's premises, was then, and for many years had been, a highway of the city of Philadelphia, paved with cobble stones in accordance with the manner in which most of the streets of the city were and are paved, and the sidewalk in front of defendant's premises was supported by a curbstone, well and properly set, at defendant's expense, on the proper line, in accordance with the style in common use, and was in good order and repair. A contract was entered into between the city of Philadelphia and the claimants, Johnson, Holgate and Horter, for the paving of the cartway of Market Street with Belgian blocks, and said pavement was duly laid. The defendant having neglected to comply with notice given to replace his curb with a new cut granite curb, the Highway Department ordered and directed the claimants to set such curb, which was accordingly done by them, and for the price or charge thereof this claim was filed.

The curb is placed at the outer edge of the sidewalk, and serves to hold the pavement in place; it is therefore on the line of the sidewalk and of the cartway. From the facts admitted it appears, however, that the re-curbing, under the ordinance, was required, not as a repair or re-paving of the sidewalk, but as incident to the repairing of the cartway. The property owner, Mr. Wistar, was required by this ordinance, by reason of the re-paving of the street by the city, to take up a curbstone which he had previously set, and with which no fault could be found, and to substitute for it a more costly one of a particular kind, in order to add to the appearance, or to the efficiency perhaps, of the pavement which the city had seen proper to put upon the cartway; and for his default in so doing the city seeks to charge him with the cost.

In Hammitt v. Philadelphia, 15 P. F. S., 146 ; Washington Avenue, 19 P. F. S., 364, and other cases, it has been held that the repairing of the streets of a city, being for the general good, is the duty of the municipality. and that the expenses cannot be provided by local assessment. This doctrine has recently been greatly emphasized in the case of the appeal of the Protestant Orphans' Asylum, 43 Leg. Int., 59, where it was held that an Act of Assembly allowing this species of local taxation is unconstitutional.

1 AMERMAN—39

[Wistar *v.* City of Philadelphia.]

Whether the change from cobble stones to Belgian block necessitated the setting of a curbstone different in any respect from that in ordinary use does not appear. We presume, however, this provision of the ordinance affects merely the completeness and appearance of the work. But, as it is clear that the cut granite curb is incident merely to the repair of the roadway and not of the sidewalk, the expense cannot be provided by local assessment. This case is in all respects similar in principle to Wistar *v.* Philadelphia, 30 P. F. S., 505. In that case the city chose to change the alignment of the curb on Broad Street, between Race and Vine, reducing the width of the roadway and increasing the width of the sidewalk from eighteen to twenty-eight feet, and, although the property owner had recently paid for a good pavement, the condition of which was not complained of, he was required to set a new and costly curb on the new line. Upon his refusal to comply with the ordinance, the city set the curb and filed a lien, as in this case. Chief Justice AGNEW, delivering the opinion of the court, says: " If, while the pavement is good and stands in no need of repair, the city may tear it up, relay and charge the owner again with one excessively costly, it would be exaction, not taxation. Of course the city may change its plans of improvement, and experiment to suit the views of those in power, and, if it be unwise, the corrective lies in the popular vote to remove those guilty of such folly and lavish expenditure. But under the 40th section (Act 2d February, 1854,) no such changes and experiments can be made at the expense of the lot owners, who have no power to correct the evil." The case last cited, was followed by Philadelphia *v.* Wistar, 11 Norris, 404, which is to the same effect.

In the case at bar the alignment of the curb was not changed, the defendant was simply required to lift the curb then in place, and set another and a different kind in the same place; and if the city cannot require the re-setting of the curb when the curb line has been changed and the footway widened, it is difficult to see how the power can be exercised when the line is unchanged. When the city may see proper to require a still different curb, to take the place of the cut granite, must depend of course, upon the judgment or caprice of the city councils, and it seems reasonable and just, if such a requirement shall be made when no repairs are needed, that the city should pay the price. If the law was correctly stated in Wistar *v.* Philadelphia, *supra*, this lien cannot be sustained, and we see no reason why the rulings in that case should not be adhered to.

Judgment reversed.