# Philadelphia, to use of Parker et al., Appellants, *v.* Henry.

*Municipal liens—Sidewalks—Replacing good sidewalk.*

Where the pavement of a sidewalk is in good condition and repair, and the municipality tears it up in order to carry out a municipal improvement, the property owner cannot be charged with the expense of relaying the pavement.

Argued March 23, 1894. Appeals, Nos. 253, 254 and 255, by plaintiff, City of Philadelphia, to use of Parker & Smart, from judgment of C. P. No. 4, Phila. Co., March T., 1892, Nos. 116, 117 and 118, for defendant, Charles W. Henry, non obstante veredicto. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien. Before WILLSON, J.

At the trial it appeared that in 1890, the city of Philadel-

phia changed the grade of Broad street northward from the Connecting Railway. The property of Charles W. Henry on the west side of Broad street, was affected by this change of grade, and in the progress of the work a good pavement in front of Mr. Henry's property was destroyed. In December, 1891, Parker & Smart, the use plaintiffs, in obedience to an order from the city, graded and paved the footways in front of the property in question, upon the failure of Mr. Henry to comply with a thirty days' notice from the city to do it himself. Upon the refusal of Mr. Henry to pay the bill for the same, a lien was filed against the property for the amount of the bill with interest, penalties and costs.

The court directed a verdict for plaintiff, reserving the question whether in law the city was entitled to recover. The court subsequently entered judgment for defendant non obstante veredicto.

*William W. Smithers*, for appellants, cited : Act of April 19, 1843, P. L. 342; Phila. v. Brooke, 81 Pa. 25 ; Dawson v. Pittsburg, 159 Pa. 317; Geissinger v. Hellertown Borough, 133 Pa. 522; Smith v. City of Allegheny, 92 Pa. 110; Act of May 16, 1891, P. L. 75.

*J. Bayard Henry*, for appellee, cited: Wistar v. City, 80 Pa. 505; Wistar v. City, 111 Pa. 604; City Solicitor's Opinions, vol. of 1890, p. 28; Dawson v. Pittsburg, 159 Pa. 317; Harrisburg v. Segelbaum, 151 Pa. 172; Boyer v. Reading, 151 Pa. 185.

PER CURIAM, April 2, 1894:

This, and two other municipal liens for repairing sidewalk pavements which were torn up and destroyed by the city authorities in changing the grade of Broad street, were argued together, and may be disposed of by briefly referring to the undisputed facts and a few of the authorities applicable thereto.

In substance, the following facts were admitted on the trial in the court below:

The sidewalk pavement in front of the liened premises was put down by the defendant at his own expense about two years before the grade of Broad street, at that point, was

changed.   In changing said grade, defendant's pavement, then in perfect order and condition, was torn up and practically destroyed by the city authorities.

The learned trial judge directed a verdict in favor of the plaintiff subject to the opinion of the court on the following reserved question, predicated of said admitted facts :

" Whether, in view of the fact that the city herself, at the time when she changed the grade of Broad street, had destroyed a pavement that was in good condition of repair, she is entitled to recover in this case."

This cardinal question of law was promptly and correctly disposed of by entering judgment for defendant non obstante veredicto.   While nothing was said by the learned court below in support of this judgment, it may be safely assumed that its rendition was prompted by the manifest illegality and injustice of such a claim against a private property owner, as well as the propriety of adhering to the principles enunciated by this court in several cases, among which are Wistar v. Phila., 80 Pa. 505 ; Same v. Same, 111 Pa. 604, and Phila. v. Wistar, 92 Pa. 404. In the former, Mr. Chief Justice AGNEW said : " If, while the pavement is good and stands in no need of repair, the city may tear it up, relay and charge the owner again with one excessively costly, it would be exaction, not taxation."   Referring to this and a subsequent case, the city solicitor in one of his opinions cited by defendant, says : " It must be borne in mind, however, that the city has no right to require a property owner to take up a good sidewalk pavement and put down another and different one."

It should not be forgotten that the foundation of the power to tax specially is the special benefit that has been conferred on the owner of the property.   It is difficult to conceive of anything more unjust and vexatious to property owners than such claims as the one now under consideration.   It is to be regretted that such cases find their way into the courts.

Judgment affirmed.