# Reading City, Appellant, *v.* Heilman.

*Municipalities—Road law—Curbing and paving—Act of May* 23, 1889, *P. L.* 277, *art.* 5, *sec.* 3, *clause* 11.

Under the Act of May 23, 1889, art. 5, sec. 3, clause 11, a city of the third class has no power, where a curb and pavement is in good condition, to require the property owners to recurb a street without regard to existing conditions, in a manner which is a departure from pre-existing regulations.

When a sidewalk is once curbed and paved in accordance with the regulations of the city, the power of the city to charge the owner for a new

curb and pavement is dependent upon the condition of the old sidewalk and curb, and not upon the changed municipal regulations. A new curb and pavement may be ordered because the old is in bad condition, but not because the city authorities have changed their views as to the quality or size of stones best to be used for curbing.

Argued Nov. 14, 1901. Appeal, No. 233, Oct. T., 1901, by plaintiff, from judgment of C. P. Berks Co., Sept. T., 1898, No. 98, non obstante veredicto in case of City of Reading v. John B. Heilman, Owner, etc., with notice. Before RICE. P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Scire facias sur municipal lien.

At the trial it appeared that the plaintiff claimed to recover upon the lien filed for recurbing under a special ordinance. The defense was that the city had no power to compel a property owner to lay a new curb in accordance with new city regulations where the old curb was not in bad condition. The jury returned a verdict in favor of the plaintiff for $21.31. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William J. Rourke*, city solicitor, for appellant.—The power to pave, generally includes the power to grade, and like the latter, it is not exhausted by being once exercised. Everything necessary to carry the power into effect is included as incidental thereto, and a city has a right to pave cross walks and street intersections under a general grant of power to pave: Schenley v. Com., 36 Pa. 60.

The recurbing was absolutely necessary, because the old curb was dilapidated, out of repair, and not in conformity with the city regulations: Oil City v. Marston, 24 Pa. C. C. Rep. 647.

*Cyrus G. Derr*, with him *Charles H. Tyson*, for appellee.—The right of the city is to compel property owners to keep their curbing in good repair, and when not repairable to renew

it so that it may answer the purposes for which it is designed, and such renewal must, as to dimensions of stone, etc., be in accordance with the regulations of the city existing at the time of renewal : Wistar v. Philadelphia, 111 Pa. 604.

OPINION BY W. D. PORTER, J., February 14, 1902 :

The only question arising upon this record is the validity of the ordinance of the city of Reading under the provisions of which it is sought to impose a special charge upon the property of the defendant for furnishing and setting new granite curbstones in front of the same. The statutory authority of the city to pass ordinances of this character is to be found in the act providing for the government of cities of the third class, approved May 23, 1889, P. L. 277, article V., section 3, clause 11, which empowers cities of the third class to enact ordinances for the following purposes : " To require owners of property abutting on any public street, lane or alley, to construct, pave, repave and recurb the sidewalks, and keep the same in good repair along such property, with such materials and under such regulations as may be prescribed by ordinance, and upon failure of such owners to comply therewith, upon notice, to authorize the same to be done by the city, and the expenses thereof to be levied and collected from the owners." The powers here granted are similar to those which the Act of April 16, 1838, P. L. 626, conferred upon the councils of Philadelphia, which authorized said bodies, "at the expense of the owner or owners of the property adjoining, to regulate, grade, pave and repave, curb and recurb the said footwalks or sidewalks," etc. It has been held that the act last mentioned did not confer upon the city the power to subject the property of the citizens to arbitrary changes of policy, or of opinion or caprice, which followed changes in councils or their views of improvement. The legislation does not confer a power at pleasure to change, take up, alter and relay pavements and reset curbs at the expense of the owner of the front, without regard to the condition of the curb and sidewalk which had been constructed under previously existing municipal regulations ; and, therefore, to do this as often as the city may choose to alter its plans of improvement: Wistar v. Philadelphia, 80 Pa. 505 ; Philadelphia v. Wistar, 92 Pa. 404 ; Wistar v. Philadelphia, 111 Pa. 604. The legislation in ques-

tion intended to confer upon cities of the third class the power to ordain reasonable regulations with regard to the original paving and curbing of sidewalks, and keeping the same in good repair and entirely reconstructing them when worn out. The power to ordain regulations necessarily implies the power to change those regulations from time to time. When, because of wear or accident, it becomes necessary to recurb or repave, the new curbing and pavement must be made to conform to the then existing regulations. When a sidewalk is once curbed and paved in accordance with the regulations of the city the power of the city to charge the owner for a new curb and pavement is dependent upon the condition of the old sidewalk and curb, and not upon the changed municipal regulations. A new curb and pavement may be ordered because the old is in bad condition, but not because the city authorities have changed their views as to the quality or size of stones best to be used for curbing. To repair means to restore to a sound, good, or complete state after decay, injury, dilapidation, or partial destruction. The power to repair, or to recurb and repave, is to be exercised when the condition of the sidewalk requires it; and of this prima facie the city officers may judge. The legislation contemplates primarily a determination by the city authorities that the sidewalk is not in good repair, and then a notice of that decision to the property owner. When the original construction has been in accordance with city regulation, until there has been a decision by competent municipal authority that the sidewalk or curbing is not in good repair and the property owner has had notice of that decision, the city is without authority to impose any charge upon the property for substituting one kind of curbing for another. The owner is entitled to the judgment of the municipal authorities upon the condition of his old sidewalk before he can be required to construct a new one.

The councils of the city of Reading on June 26, 1889, enacted an ordinance which, in its 6th section, imposed the duty of passing upon the question when sidewalks ought to be repaired, repaved, or recurbed upon the commissioner of highways; and provided a manner for the enforcement of the decision of that officer. It is not necessary to inquire into the validity of that ordinance for the city made no pretense of complying with its provisions in the present case. The ordinance, under which

the work for which it sought to charge the defendant was done, was approved May 14, 1897, and entitled, " An ordinance to provide for the paving of Penn street between Front and Eleventh streets, the recurbing and fixing the dimensions and quality thereof, to make an appropriation to the department of the board of public works to pay therefor, and to provide for other regulations pertaining thereto." The 1st section of the ordinance provided for the paving of the cartway of the street with sheet asphalt. The 2d section is the only part of the ordinance which is material to the consideration of the question here presented, and was in these words : " It shall be and is hereby made the duty of the owners of lots and real estate abutting on said Penn street, between the boundings designated, to recurb, and if necessary repave sidewalks, curb to be of granite or granolithic, not less than four (4) feet long, eighteen (18) inches deep, eight (8) inches wide," then follow details as to the manner in which the curbing shall be set. The 3d section directed the chief commissioner of highways " immediately after the passage and approval of this ordinance, to give notice to the owners of real estate abutting on said Penn street, to recurb and repave, in accordance with the provisions of this ordinance, within twenty days from the date of said notice and service of the same, and upon failure of the owner or owners of real estate aforesaid to do the work required in said notice, then in such case or cases the board of public works is hereby directed to cause the recurbing and repaving to be done by the contractor for the paving of the street; " and then follow provisions for collecting the expense of said work from the lot owners. This ordinance provided for the paving of the cartway of Penn street with a new and improved pavement, and required that the whole street should be recurbed, without regard to existing conditions, in a manner which was a departure from pre-existing regulations. It is manifest upon the face of the ordinance that the change in the character of the paving of the cartway and the recurbing of the entire street were undertaken by the city as one improvement, the city councils determined that a new curb was required in order to add to the efficacy of the new pavement of the cartway and conform thereto in appearance. The ordinance boldly attempted to compel every owner of property fronting upon the street to set a new

curb whether the curbing which was then in place was in good or bad condition, and regardless of the compliance or noncompliance with the regulations which had prevailed at the time the existing curbs had been constructed. This was a refusal by the city councils to determine whether the existing curbing was out of repair, and, in order that there might be no mistake upon this point, the power to pass upon the condition of the curbing was withdrawn from the commissioner of highways. The ordinance required that the entire street must be recurbed, but when it came to deal with that part of the sidewalk which is distinct from the curb and not structurally connected with the pavement of the cartway, the duty attempted to be imposed upon the lot owners was made dependent upon the existing condition of the sidewalks, the requirement was " and if necessary to repave sidewalks." The duty to repave the sidewalk was dependent upon the existing necessity for repair or reconstruction, arising out of the condition of what had been done under former municipal regulations. The city councils might as well have said to property owners : " You must repair your sidewalks if they are worn out, but you must put in a new curb without regard to the condition of the one now in place." This arbitrary exercise of power was not warranted by the statutory grant under which the municipality acted. We are of opinion that the provisions of the 2d section of the ordinance imposing upon lot owners the duty to recurb the entire street was invalid.

The judgment is affirmed.