## Kittanning Borough v. Thompson, Appellant.

*Road law—Grade of street—Paper grade—Change of grade—Nuisance—Equity.*

The establishment of a paper grade by a borough confers no right on a property owner to enter on a highway and change the natural grade thereof. The streets of a borough are in charge of its municipal authorities and the actual grading can be done only by their authority exercised in the manner prescribed by law.

Where a property owner in a borough without any authority by ordinance, undertakes to elevate a sidewalk above the natural grade, although to conform to a paper grade established by the borough, and it appears that the proposed sidewalk would be a dangerous public nuisance, the construction of the sidewalk will be enjoined on a bill filed by the borough.

Argued Jan. 31, 1905. Appeal, No. 27, Oct. T., 1905, by defendants, from decree of C. P. Armstrong Co., Dec. T., 1904, No. 148, on bill in equity in case of Burgess and Town Council of Kittanning Borough v. Ellen T. Thompson, Safe Deposit & Title Guaranty Company and Burt Milsom. Refore MITCHELL, C. J., DEAN, FELL, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction. Before PATTON, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*W. J. Christy* and *Ross Reynolds*, with them *J. H. McCain*, for appellants.—Under the circumstances, the appellants had a

right to presume, and were indeed bound to presume, that the streets would be brought up to the established grade: New Brighton Boro. v. Peirsol, 107 Pa. 280; Groff v. Phila., 150 Pa. 594.

The acts of a municipal corporation may be proved otherwise than by its records or other written documents: Rothwell v. California Borough, 21 Pa. Superior Ct. 234.

It is difficult to see how a public right can be vindicated in equity without showing that its violation as complained of, will result in immediate and irreparable injury. But if such be the law, the bill to vindicate such right or to restrain its violation must be brought in the name of the attorney general: Sparhawk v. Union Pass. Railway Co., 54 Pa. 401; Com. ex rel. v. First Nat. Bank of West Newton, 207 Pa. 255.

An injunction is not of right even to enforce a strictly legal right; it will not be issued when, upon a broad consideration of the situation of all the parties in interest, good conscience does not require it: Mackintyre v. Jones, 9 Pa. Superior Ct. 543.

*McCullough & Heilman,* for appellees.—No right of action for damages accrues to the property owner affected until the physical change of grade is made upon the ground: Jones v. Bangor Boro., 144 Pa. 634; Delvin v. Philadelphia, 206 Pa. 518.

To render the acts of officers of municipal corporations in the line of their official duties binding upon the body they represent and admissible as evidence, such acts must be the united action of the body and of a nature to bind the corporation: Waymart Water Co. v. Waymart Boro., 4 Pa. Superior Ct. 211.

It is competent for a municipal corporation to prosecute a bill in equity to restrain a public nuisance or obstruction to a public highway without joinder of the attorney general: Pittsburg v. Epping-Carpenter Co., 194 Pa. 318; North Manheim Twp's Appeal, 22 W. N. C. 149; Commrs. of Moyamensing v. Long, 1 Parsons, 143; Philadelphia v. Crump, 1 Brewster, 320–327; City of Phila. v. Pass. Ry. Co., 8 Phila. 648.

Where any change of grade is made otherwise than by authority of law, the remedy of the parties injured thereby, if any, is a common-law action for damages. Under the acts of

June 12, 1893, and May 16, 1891, damages are recoverable for a lawful, not for an unlawful taking or injury: In Re Shawmont Ave., 5 Pa. Dist. Rep. 190; Pepper v. Philadelphia, 114 Pa. 96; Gold v. Philadelphia, 115 Pa. 184.

OPINION BY MR. JUSTICE FELL, March 6, 1905:

This appeal is from a decree enjoining the defendants from constructing a sidewalk at the intersection of two of the main streets of the borough of Kittanning at an elevation above the existing grade. In 1894 the borough by ordinance established a grade for all its streets, which differed but slightly from the natural grade. Since that time many of the streets have been graded and paved in substantial conformity with the established grade, the borough paying for the street intersections and the owners of the abutting properties paying for the curbing and for the paving of sidewalks and driveways. There has not, however, at all times been a strict conformity with the grade established in 1894. The borough in some instances paved sidewalks on the natural surface or permitted property owners to do so. This was the case at the corner of McKean and Market streets where the defendants' property is situated. In 1897 the sidewalk on McKean street and on a part of Market street was laid eight inches below the established grade and on the rest of Market street in front of the defendants' property and in front of the adjoining properties, more than two feet below.

In 1904 the defendants, desiring to erect a building on the site of one that had been destroyed by fire, obtained from the borough engineer the grade lines as established in 1894, and they constructed the building in conformity with these lines. When the building was finished they undertook to elevate the sidewalk in front of it, at one end eight inches and at the other thirty-one inches above the grade at which the sidewalk had been paved seven years before. The elevation proposed would make the sidewalk exceedingly dangerous and practically impassible.

The establishment of a paper grade by a borough confers no right on a property owner to enter on a highway and change the natural grade thereof. The streets of a borough are in charge of its municipal authorities and the actual grading can be done only by their authority exercised in the manner pre-

scribed by law. Unless the defendants showed an authorization by ordinance of council they were trespassers creating a dangerous public nuisance and were properly enjoined. One ground on which the defendants claimed that permission had been given to elevate the sidewalk was that the borough engineer had been instructed by the council to give the grade lines for the building. The contractor for the building applied to the council for permission to connect the building with the sewer, and acting upon this request a resolution was passed granting "permission to tap and connect with the sanitary sewer, for sanitary purposes for the Thompson property, corner of Market and McKean streets, and also instruct the engineer to give grade for the same." If the intention of the council was to give grade lines for any other purpose than the sewer connection, it was to enable the builder to adapt the building to a pavement that might at a future time be constructed at the established grade. Clearly it was not intended to grant the defendants permission to elevate the sidewalk, and no authority to do this can be implied from it.

It is argued that because the defendants were elevating the sidewalk to the established grade they were violating no law, but doing what the law would require to be done when properly set in motion. If this view is correct, any citizen of a borough may at his pleasure assume the control and management of the streets or the performance of the duties of the properly chosen and appointed municipal officers. The finding by the court that no ordinance authorized the physical change of grade and that the defendants' proofs went no further than to show the approval of a paper grade is conclusive against them.

The borough had a standing to maintain the bill: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318. At the hearing the court properly excluded the loose statements of members of the council: Chester v. Eyre, 181 Pa. 642.

The decree is affirmed at the cost of the appellants.