Golden *v.* Philadelphia, Appellant, et al.

Submitted April 22, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John J. K. Caskie, I. G. Gordon Forster,* Assistant City Solicitors, and *Frank F. Truscott,* City Solicitor, for appellant.

*Richman & Richman* and *Herman Lyon Hecht,* for appellee.

OPINION BY ARNOLD, J., September 30, 1947:

Plaintiff had a verdict and judgment against the city of Philadelphia for personal injuries caused by a sidewalk defect. The city appeals and assigns for error only the refusal of its motion for judgment n. o. v.

The verdict established the following facts: In the construction of a subway the city destroyed part of a sidewalk on the north side of Locust Street in the nine hundred block. It was first replaced with wooden planks, but in 1939 what is referred to as a "concrete slab" was laid in place of the planks, so that the replaced sidewalk was of concrete. This concrete replacement was laid on a higher level than the sidewalk in front of the immediately adjacent property on the west side. Thus was created a low step which was $2\frac{1}{4}$ inches in height at the middle of the sidewalk, and which tapered gradually ' toward the cartway so that at the curb the two walks were on the same level. This condition existed for the five years since the construction by the city. [1]

The injured plaintiff was walking east on the north side of Locust Street between 5:45 and 6:00 P. M. (Eastern War Time) on December 5, 1944. He tripped over this step and was thus injured. On that day the sun set at 5:36 P. M. (Eastern War Time) and complete darkness occurred at 6:04 P. M., and artificial light was necessary after 5:56 P. M. (Eastern War Time). This was testified to by a representative of the United States Weather Bureau from official records. According to the plaintiff it was getting dark and shadows were cast on the sidewalk. He further testified that he was watching where he was going but could not detect the slight declivity or step until after his fall, because, in the dusk, it appeared to him that the sidewalk was level.

Appellant alleges that there was no actionable negligence because its surveyor testified from actual

---

[1] Plaintiff's witness testified that he had personally noticed it for at least three years.

measurements that the difference in elevation of the two walks at the highest point was only 1⅝ inches, and that that fact had to be accepted by the court below as a matter of law. But the court could not reject the plaintiff's own evidence that he, himself, actually measured it with a steel tape six weeks after the accident, and that by his own actual measurement it showed that the declivity was 2¼ inches. The credibility of these two witnesses was for the jury, and this notwithstanding the fact that the defendant's witness was a surveyor. The various arguments why defendant's witness should be believed and why plaintiff's testimony should not be accepted were also for the jury, and were not for the court below or this court.

Appellant also contends that even if the declivity was 2¼ inches in depth where the plaintiff fell, this was not such a defect as to permit recovery, citing *Pischke et vir v. Dormont Borough et al.,* 153 Pa. Superior Ct. 205, 33 A. 2d 480, and *German v. McKeesport City et al.,* 137 Pa. Superior Ct. 41, 8 A. 2d 437, and other cases. But this line of cases refused recovery on the ground that the existence of a slight inequality *does not constitute constructive notice* of the alleged defect which, because of the very slightness thereof, would not be apparent *from a reasonable inspection.* In the instant case the city constructed the very step, i. e., the defect. It had knowledge of the defect without any inspection whatsoever. Nor are we disposed to rule that a 2¼ inch "step" thus constructed by a city in a public sidewalk is too trivial.

The only other question raised by the appellant is that the plaintiff was guilty of contributory negligence. There can be no question that this was clearly for the jury under the facts existing and herein outlined.

Judgment affirmed.