Golden *v.* Philadelphia et al., Appellants.

Argued October 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*I. G. Gordon Forster,* with him *John J. K. Caskie,* Assistant City Solicitors, and *Frank F. Truscott,* City Solicitor, for defendant.

*Raymond A. White, Jr.,* for additional defendant, Barry H. Hepburn.

*Earle Hepburn,* for additional defendant, Nicholas Stathis.

OPINION BY ARNOLD, J., March 8, 1948:

The plaintiff had verdict and judgment against the city of Philadelphia for personal injuries, and on appeal of the city that judgment was affirmed: *Golden v. Philadelphia,* 161 Pa. Superior Ct. 368, 54 A. 2d 837. In the original action the city brought in as additional defendants, liable over to it, the owner of the premises fronting on the sidewalk and also the tenant in full possession thereof. From judgment on a directed verdict in

favor of the owner, Hepburn, and against the city, the latter appealed, No. 124 October Term, 1947. The court below refused Stathis' point for binding instructions, and after verdict in favor of the city and against Stathis, refused the latter's motion for judgment n. o. v. From the judgment entered on this verdict Stathis appealed, No. 190 October Term, 1946.

All of the issues were presented in one trial, and the following facts were established: In the construction of a subway the city destroyed part of a sidewalk on the north side of Locust Street in the nine hundred block. It was first replaced with wooden planks, but in 1939 what is referred to as a "concrete slab" was laid in place of the planks, so that the replaced sidewalk was of concrete. This concrete replacement was laid on a higher level than the sidewalk immediately west. Thus was created a step which was $2\frac{1}{4}$ inches in height at the middle, and which tapered gradually toward the cartway so that at the curb the two walks were on the same level. This condition existed for the five years since the construction by the city. Golden was walking east on the north side of Locust Street when he tripped over the step thus created, suffering injuries for which he sought damages. The jury found no contributory negligence.

We are of the opinion that neither the owner, Hepburn, nor his tenant, Stathis, was liable over to the city for the damages suffered by the plaintiff, Golden.

The rule is well settled that, where recovery is had against a municipality for injuries received because of a failure to repair a sidewalk, if the defect was occasioned, or knowingly permitted to exist, by either the tenant in sole possession or the owner, there is liability over to the municipality. This is because the primary duty to repair is upon the owner or the tenant of the whole, while the duty of the municipality is but secondary and because of its failure to compel the owner or tenant to make the needed repair (or to make the

repairs itself and charge back the cost). Where the municipality itself creates a defect there can be no recovery over, for in such case the municipality is the active tortfeasor: *Wright et ux. v. Scranton et al.*, 128 Pa. Superior Ct. 185, 194 A. 10.

The thing which caused the plaintiff's injury in this case was a small step over which he stumbled. This step was built by the city, and the jury's verdict for the plaintiff established that the city knew, or ought to have known, that the step created a dangerous condition.

The claim of the city against the owner and the tenant does not deny these facts, but sets up that the concrete slab built by it was laid at the grade that the city had ordained, and that even though it created a dangerous condition, it was the duty of the owner or the tenant to have raised the other portion of the sidewalk to the same grade as the concrete slab.

The evidence was totally inadequate to establish this defense. A surveyor of the Third Survey District of Philadelphia was called by the city and testified to a map which he had made, and was asked: "Q. Can you say which of those slabs was laid at the established grade [the one slab being that which the city placed over the subway entrance and the other being a portion of the old sidewalk]? A. The large slab [laid by the city] is laid at the established grade . . ." This is the only testimony which could place any liability on the abutting property owner or his tenant. It is not sufficient. The date when the alleged grade was established is not shown, nor whether it was established by an ordinance or by some delegated officer. The evidence does not divulge what the alleged established grade was, but simply the conclusion of the witness that the slab was lawfully built (that is, according to the grade). It does not reveal any change in the old sidewalk by reason of any subsidence thereof. It discloses no ordinance of the city requiring a property owner to do anything in regard to sidewalk grades. Under the testimony the sidewalk in

question was adequate and safe in all respects until the city created the step or defect involved; and the city for many years acquiesced in the grade of the old sidewalk, which was evidently satisfactory to the city authorities. Cf. *Philadelphia, to use of Parker et al. v. Henry,* 161 Pa. 38, 28 A. 946.

The establishment of a *paper* grade by a municipality does not give the property owner the right to raise his sidewalk to that grade: *Kittanning Borough v. Thompson,* 211 Pa. 169, 60 A. 584; and the city may restrain the property owner from so doing. It is not the *establishment* of the grade by the municipality that is of importance, but *the direction* by the municipality that the sidewalk be constructed or raised or lowered to the ordained grade. Without such an order or direction the paper grade is of little or no importance. If the Hepburn sidewalk was lawfully constructed prior to the establishment of the grade by the city, the city cannot compel the owner again to change the sidewalk to meet the new ordained grade, though, of course, the city may change it at its own expense: *Philadelphia v. Weaver,* 14 Pa. Superior Ct. 293, 302; *Braucher v. Somerset Borough,* 58 Pa. Superior Ct. 130.

Therefore the city showed no facts entitling it to recover over against Hepburn. the owner, or against Stathis, the tenant. Since the defect was created by the municipality, such evidence had to appear affirmatively if the city was to recover.

Lastly, it may be noted that it comes with poor grace from the city to say that it laid this slab of concrete so as to make a step in the sidewalk, and then to offer the excuse that this slab of concrete was laid by it at the proper grade; for it allowed this condition to remain for five years, during which time it never notified owner or tenant to raise the remaining portion of the sidewalk to meet the grade of the slab which the city placed. The city was engaged in subway work. It first tore up a portion of this sidewalk and placed planking over it.

Later the plank was replaced by the concrete slab. The city had a right to do this, and neither the owner nor the tenant could prevent it. Neither the owner nor the tenant was bound to know or to ascertain whether the placing of the concrete slab was a temporary expedient, as the planking had been, or whether it was permanent. All the city needed to do was to notify the owner or tenant to raise the grade of the remaining portion of the sidewalk, if the ordinance required the property owner so to do. It could then have been determined by the owner or the tenant whether the city had to do this at its own expense, or at the expense of the property owner. Instead of any of these things the city did nothing, and now expects reimbursement for the judgment which it is bound to pay because of its own negligence.

In the appeal of the city from the directed verdict and judgment in favor of Barry H. Hepburn, the owner (No. 124 October Term, 1947), the judgment is affirmed.

In the appeal of Nicholas Stathis from verdict and judgment entered in favor of the city and against him (No. 190 October Term, 1946), the judgment is reversed and here entered in favor of Nicholas Stathis.