Philadelphia to use of DePaul *v.* Philadelphia Authority for Industrial Development, Appellant.

Argued June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Michael A. Levin, with him Robert H. Malis, David S. Malis, Martin B. Pitkow, and Malis, Tolson & Malis, for appellant.

Harry P. Voldow, for appellee.

OPINION BY CERCONE, J., September 23, 1974:

This appeal arises from the lower court's denial of the defendant-appellant's exceptions following a verdict for the plaintiff in an assumpsit action. The trial court, sitting without a jury, found that the appellant was liable for the reconstruction of sidewalks and curbing on Paul and Orthodox Streets in Philadelphia performed by the use plaintiff, Tony DePaul and Sons, pursuant to the general Ordinance, §11-505 of the Philadelphia Code.[1] On review of all the evidence, even cast in the light most favorable to the plaintiff, we find the lower court erred and we, therefore, reverse.

On July 3, 1968, the appellant's predecessor in title, Degnan Chevrolet, received notice from the Department of Streets for the City of Philadelphia that it must, within thirty days, "reconstruct" the concrete sidewalk

---

[1] A statute similar to the instant Ordinance may be found at 53 P.S. §1891 et seq.

and driveway, and "construct" a concrete curb abutting its truck showroom and body shop at Orthodox and Paul Streets. Subsequently, and without doing the reconstruction, Degnan Chevrolet ceased doing business at this address, and conveyed the property to the Philadelphia Authority for Industrial Development.[2]

In the latter part of 1969, coincidentally with the repaving of Orthodox Street, Tony DePaul and Sons performed the required reconstruction of the sidewalk, curbing and driveways. Thereafter, the City of Philadelphia entered a municipal lien to the use of Tony DePaul and Sons. A municipal claim was then filed against the Authority, and resulted in the trial from which the instant appeal arises.

The dispositive issue in this appeal is whether the sidewalk curbing and driveway needed to be reconstructed solely because of the repaving of Orthodox Street, or whether it was in a sufficient state of disrepair that the Department of Streets did not abuse its discretion in ordering the abutting landowner to do the work. The distinction is crucial since a city cannot assess an abutting landowner for the reconstruction of existing sidewalks or curbing when that reconstruction is necessitated by the repaving of an existing street: *City of Philadelphia v. Henry,* 161 Pa. 38 (1894); *Wistar v. Philadelphia,* 80 Pa. 505 (1852); *Golden v. City of Philadelphia,* 162 Pa. Superior Ct. 247 (1948); *Braucher v. Somerset Borough,* 58 Pa. Superior Ct. 130 (1914); *Philadelphia v. Weaver,* 14 Pa. Superior Ct. 293 (1900). See also 25 P.L.E., Municipal Corporations §366 (1960). On the other hand, there is ample authority that a city may properly regulate and police

---

[2] The Authority holds legal title to the business premises, but is in the process of conveying title to Victor Sun Control, Inc., pursuant to an instalment sales agreement. Under the terms of the agreement, Victor Sun Control agreed to indemnify and hold the appellant harmless for any municipal or mechanics liens.

the condition of its sidewalks, and require abutting landowners to make repairs when necessary: *City of Philadelphia v. Monument Cemetery Co.,* 147 Pa. Superior Ct. 170 (1892). If the landowner fails to comply with that order, the city may contract for the work to be done and assess the cost to the landowner: *City of Philadelphia v. Subin & Subin,* 86 Pa. Superior Ct. 126 (1925).

At trial, the plaintiff presented no testimony concerning the condition of the sidewalk and curbing prior to the issuance of the reconstruction order. Instead its case consisted entirely of documentary evidence (municipal claims and liens) which only served to prove that, in fact, the order to reconstruct had issued and that the work had been done by the use plaintiff— both facts which were undisputed. Plaintiff did not produce the inspector who had observed the sidewalk and curbing, and whose observations presumably resulted in the issuance of the reconstruction order. Instead, to establish the propriety of assessing the reconstruction costs to the defendant, the plaintiff relied solely on the presumption that action taken by a governmental agency is proper,[3] and that the discretionary rulings of an appropriate governmental agency will not be overturned unless the defendant shows fraud, bad faith, or abuse of power.[4]

On the other hand, the defendant offered the testimony of four witnesses—two area residents, a secretary of Degnan Chevrolet, and the owner of Victor Sun Control, Inc., currently the equitable owner of the property. All four of these witnesses were familiar with the condition of the sidewalk and curbing prior to its reconstruc-

---

[3] *Parker v. Philadelphia,* 391 Pa. 242 (1958) ; *Downing v. Erie City School Dist.,* 360 Pa. 29 (1948) ; *Campbell v. Bellevue Borough School Dist.,* 328 Pa. 197 (1937).

[4] See, e.g., *Parker v. Philadelphia,* supra note 2; *Blumenschein v. Pittsburgh Housing Authority,* 379 Pa. 566 (1954).

tion, and all testified that it had needed no repair whatsoever. Indeed, several of the witnesses indicated that presently the acute slope of the outer half of the sidewalk, an alteration required by the change in the curbline to achieve proper drainage, makes the sidewalk less safe than it was before. The defendant also established that the repaving of Orthodox Street was planned prior to the issuance of the notice to reconstruct the sidewalk and curbing. In fact, the notice itself indicated that Orthodox Street would be repaved from "Frankford to Torresdale Ave." Finally, the defendant established that virtually all of the curbing and most of the sidewalk all along this repaved stretch were reconstructed to conform to the new grade and line of Orthodox Street, which indicated that the condition of the curbing and sidewalk was not the cause of its reconstruction.

Especially in light of the failure of the plaintiff to introduce any evidence that the sidewalk and curbing were in need of repair or reconstruction regardless of whether Orthodox Street was repaved, we find that the defendant's evidence was clearly sufficient to overcome the presumption that the Department of Streets acted properly and within its power in ordering the defendant to reconstruct the sidewalk and curbing. This presumption of proper or valid action will not stand uncorroborated in the face of credible, affirmative proof to the contrary.[5] "When the opponent of the presumption has met the burden of production thus imposed . . . the office of the presumption has been performed; the presumption is of no further effect and drops from the case." Concurring Opinion of Mr. Justice Pom-

---

[5] "The presumption of validity also is applicable to the existence of facts necessary to sustain an ordinance, and, accordingly, such facts, *if there is no evidence to the contrary*, may be rested on the presumption." 6 McQuillin, Municipal Corporations §20.06 at p. 17 (3rd ed. 1969). See also 5 McQuillin §15.23 at pp. 94-95.

EROY, *Commonwealth v. Vogel,* 440 Pa. 1, 17 (1970). See also *Allison v. Snelling and Snelling, Inc.,* 425 Pa. 519 (1967) ; *Waters v. New Amsterdam Cas. Co.,* 393 Pa. 247 (1958) ; *Watkins v. Prudential Ins. Co.,* 315 Pa. 497 (1934). As our Supreme Court long ago stated :

"If, while the pavement is good and stands in no need of repair, the city may tear it up, relay and charge the owner again with one excessively costly, it would be exaction, not taxation." *City of Philadelphia v. Henry,* 161 Pa. at 40, quoting from *Wistar v. Philadelphia,* 80 Pa. 505 (1852). Therefore, if the city determined that the changes in the line and grade of the sidewalk and curbing were necessary because of the repaving of the street, it must bear the cost of those changes. Since the evidence clearly establishes that the repaving of Orthodox Street necessitated the reconstruction of the sidewalk and curbing, the defendant, an abutting owner, cannot be compelled to pay therefor.

Judgment of the lower court is reversed.