520 A.2d 945

Phyllis Psichos *v.* Gabriel Sauvion and The City of Philadelphia. Gabriel Sauvion, Appellant.

Argued December 11, 1986, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Frederick J. Gerngross,* with him, *William F. Sweeney, Schubert, Bellwoar, Mallon & Walheim,* for appellant.

*Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, with her, *John B. Day, Handsel B. Minyard,* City Solicitor, *Armando A. Pandola, Jr.,* Chief Deputy in Charge of Claims and *Ralph J. Luongo,* Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE KALISH, February 5, 1987:

Gabriel Sauvion (appellant) appeals the portion of an order of the court of common pleas which held appellant primarily liable for injuries sustained by the plaintiff below, Phyllis Psichos. The trial court found appellee, the City of Philadelphia (City), only secondarily liable. We affirm the trial court.

Psichos fell on the sidewalk abutting appellant's property. The sidewalk had been raised by the root systems of a tree, thereby changing the grade of a concrete block on which Psichos tripped and fell, sustaining injuries. Psichos filed a complaint in trespass against appellant and the City. Appellant filed an answer denying liability and in new matter alleged that the City was primarily liable. The City filed an answer to Psichos' complaint and appellant's new matter.

Before trial, appellant and Psichos settled, and appellant paid the claims. Appellant continued his suit for indemnification from the City on the theory that the obligation of the City was one of primary liability for the existence of the defect in the pavement which was the proximate cause of the injuries to Psichos. Appellant contends that he was obliged to pay by reason of the City's negligence.

It was stipulated at trial that the growth of a tree and tree roots on the pavement in front of appellant's property caused a change in grade of the concrete block over which Psichos had tripped. The theory of appellant's action is that the City created the dangerous condition of the pavement and thus became primarily liable.

Section 15-203 of the Philadelphia Code, Act of March 26, 1967, P.L. 547, 53 P.S. §16471, pertaining to street trees, provides:

The Fairmount Park Commission shall have custody and control of the street trees on the streets of Philadelphia and shall make rules and regulations regarding the planting, setting out, removal, maintenance, protection and care of said trees as are necessary. Such rules and regulations shall also prohibit any action deemed to be detrimental to the life of said trees.

It is this provision, appellant contends, which created a duty of care by the City, the breach of which resulted in the City's primary liability as an active tort feasor.

It has long been established in Pennsylvania that a property owner has the primary duty of keeping the sidewalk in front of his property in repair, and that the City's liability to see that the sidewalk is left in repair is secondary. *Fisher v. City of Philadelphia,* 112 Pa. Superior Ct. 226, 170 A. 875 (1934); Philadelphia Code, §11-505(1).

There have been situations where, as between the City and the property owner, the duty of primary liability has shifted to the City. For example, in *Golden v. Philadelphia,* 162 Pa. Superior Ct. 247, 57 A.2d 429 (1948), the City of Philadelphia, during the construction of a subway entrance, created a step or obstruction in placing a concrete slab on the pavement. The city contended that even though it created the dangerous condition, it was the duty of the owner to raise the sidewalk slab to eliminate the step and bring the sidewalk to grade. The court held that since the city created this hazardous condition, there was no duty in the property owner to eliminate this condition by bringing the pavement to grade and making it safe for pedestrian travel.

Likewise, in *Helz v. Pittsburgh,* 387 Pa. 169, 127 A.2d 89 (1956), an injury was sustained when the plaintiff fell over a metal cover of a water meter which was sunk into the pavement. The evidence showed that the ordinance gave the city complete control over the meter, requiring its employees to read the meters, inspect the covers and frames of the water meters, and to report all defects to the city so that its plumbers could repair them. These facts imposed liability on the city and the property owner as joint tort feasors. As to a pedestrian, the city and property owner shared a common liability, rather than a primary and secondary liability.

In the instant case, there was no evidence that the City created a dangerous condition or obstruction on the sidewalk when the tree was planted. The owner had the primary duty, then and thereafter, of keeping the pavement in repair. If the roots, thereafter, caused a dangerous condition, it was the owner's primary duty to correct it. Under the ordinance of the City, the primary duty to keep the pavement in repair and in a travelable condition for pedestrians did not shift to the City.

Accordingly, we affirm the trial court.

ORDER

NOW, February 5, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 3046 December Term, 1981, dated September 26, 1985, is affirmed.