# Shady Avenue.

*Road law—Paving—Grading—Single improvement—Sidewalks—Notice—Act of May 16, 1891, P. L. 75.*

Where an ordinance for the grading and paving of a street, a part of which is level and a part hilly, provides that the level part shall be paved with asphalt, and the hilly part with block stone, and the work is let in two contracts on the same day, the asphalt paving being given to one contractor, and the stone paving to another, the work though done under the two contracts is a single improvement, and one jury of view may assess the benefits therefor.

A sidewalk is not included in the term "street" within the meaning of the statute of Pennsylvania relating to the paving and grading of streets.

A municipality cannot charge a property owner with the cost of laying a sidewalk, unless the owner has been previously notified to do the work, and has refused or neglected to do so.

Argued April 11, 1907. Appeal, No 28, April T., 1907, by S. A. Meals, from order of C. P. No. 1, Allegheny Co., Dec. Term, 1903, No. 196, dismissing exceptions to report of viewers In re paving of Shady Avenue. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Exceptions to report of viewers.

The exceptions were as follows:

2. The amount of the contract price of the work between Woodland avenue and Superior street was $3,657.82, and the amount of the contract price between Woodland avenue and Susan McGeary's north line was $17,484.55. The property

holders on that part of Shady avenue between Woodland avenue and Superior street were assessed only $1,999.55, and the balance of the expense of the cost of the work between the two last mentioned points, to wit: the amount of $1,658.38, was assessed on the property owners on that portion of the street between Woodland avenue and Susan McGeary's north line, making a total assessment on that portion of the street of more than the actual cost of the work, and no part of the cost of the work of grading, paving and curbing of said Shady avenue was placed on the city of Allegheny.

5. The city of Allegheny has assessed the cost of the construction of the sidewalks between Woodland avenue and Susan McGeary's north line, amounting to the sum of $4,520.30, and that between Woodland avenue and Superior street, amounting to $789.84, on the abutting property owners, without giving the property holders any notice that they would be compelled to pay for the sidewalks, and the city has no authority in law to sustain any assessment for the cost of said sidewalks.

*Errors assigned* were (1, 2) in dismissing the exceptions.

*Ralph L. Smith*, with him *Trimble & Chalfant*, for appellant.— The measure of assessments for street improvements is the amount of the benefit, but it is limited to the cost of the improvements: Witman v. Reading City, 169 Pa. 375 ; Wabash Avenue, 26 Pa. Superior Ct. 305.

The ordinance which authorized the grading, paving and curbing of Shady avenue does not contain any authority to lay sidewalks. It merely authorizes the grading, paving and curbing of the street.

The right to enforce the laying of sidewalks is simply a regulation under the police power of the municipality : Philadelphia v. Penna. Hospital, 143 Pa. 367 ; Pittsburg v. Daly, 5 Pa. Superior Ct. 528 ; Pittsburg v. Biggert, 23 Pa. Superior Ct. 540 ; Cooley on Taxation, 398 ; Lohr v. Philipsburg Boro., 156 Pa. 246.

*Craig Smith*, for appellee.—The assessment is for special benefits derived from the whole improvement, and not for the cost simply of the bit of pavement which may happen to be in

front of his lot : Cooley on Taxation (3d ed.) 1167 ; Washington Ave., 69 Pa. 352.

We contend that this gives the city the authority to pave the sidewalk, as part of the original paving of the street, and collect from abutting property holders so much of the cost of the whole improvement as the viewers find they are specially benefited.  The sidewalk is a part of the street.  By authoritative definition, as well as by common usage, the term "street" applies to the whole public thoroughfare, and in such an act includes the sidewalks : Taber v. Grafmiller, 109 Ind. 209 (9 N. E. Repr. 721) ; City of Kokomo v. Mahan, 100 Ind. 242 ; Dickinson v. City of Worcester, 138 Mass. 555 ; Town of Rosedale v. Ferguson, 3 Ind. App. 596 (30 N. E. Repr. 156) ; Wiles v. Hoss, 114 Ind. 371 (16 N. E. Repr. 800) ; Dooley v. Town of Sullivan, 112 Ind. 451 (14 N. E. Repr. 566) ; In re Burmeister, 76 N. Y. 174 ; Pomfrey v. Saratoga Springs, 104 N. Y. 459 (11 N. E. Repr. 43) ; Jacquemin v. Finnegan, 80 N. Y. Supp. 207 ; In re Burke, 62 N. Y. 224 ; In re Grube, 20 Hun, 303 ; Howell v. Morrisville Boro., 212 Pa. 349 ; Pittsburg v. Daly, 5 Pa. Superior Ct. 528 ; Greensburg Boro. v. Young, 53 Pa: 280.

OPINION BY HEAD, J., October 7, 1907 :

The question whether the work done on Shady avenue constituted but a single improvement, or was, in reality, two sep. arate and distinct ones, is, we think, answered by the ordinance authorizing it.   That ordinance, approved May 21, 1902, provided, " that the grading, paving and curbing of Shady avenue, Eleventh Ward, from Superior avenue to Susan McGeary's North line, is hereby authorized and ordered," etc.   The director of public works was empowered to prepare specifications therefor and advertise for bids.   The ordinance further provided that " the cost and expense of said improvement " be assessed and collected in accordance with the laws of the commonwealth.   It appears that a portion of Shady avenue between the limits designated in the ordinance was level whilst the remainder of it was steep and hilly.   The specifications, directed by the ordinance, were, therefore, so prepared as to require the paving of the flat portion of the street with asphalt, the hilly portion with block stone.   When the bids were received the

work was let in two contracts, executed on the same day, the asphalt paving going to one contractor, the block stone paving to another. Presumably this plan was adopted because, in the judgment of its administrative officers, the city would reap some advantage thereby. It is a matter of common knowledge that the paving of a street usually involves excavation to bring about uniformity of grade and contour; a substructure to provide for drainage and support, and finally a surface finish of asphalt, stone, brick or other like material. But the acts of assembly on the subject of street paving and the ordinance, now under consideration, deal not with any or all of these steps marking the progress of the work. It is the completed pavement that alone constitutes the "improvement" contemplated by the law and the ordinance. Nor does either undertake to restrict the agencies by the aid of which the municipality may secure the improvement authorized. Because these agencies are several the improvement is none the less single. An owner desiring to erect a building may assign the different parts of it to as many different contractors; but the completion of all of the contracts results in but one structure. We are unable to perceive any reason why the fact that the work, in the present case, was done by two contractors should lead to the conclusion that there were two improvements when the ordinance authorized but one. The appellant's property abutted on the line of the improvement that was authorized and the viewers, in ascertaining the benefits which had accrued to him by reason thereof, properly took into account the improvement in its entirety. The second exception to their report was, therefore, properly dismissed and the first assignment of error must be overruled.

But it appears from the record that, in the construction of the street improvement authorized by the ordinance quoted, new flag-stone sidewalks were laid along the entire portion of the street designated in the ordinance, and the cost of these sidewalks is assessed also against the owners of the abutting property; although no notice was given to them that such walks were required and no opportunity afforded them to provide for such construction themselves. By his fifth exception to the report of the viewers, the appellant objected to the assessment against him of a portion of the cost of such sidewalk, and the

refusal of the court to sustain that exception constitutes the second and remaining assignment of error.

Whilst it may be conceded that the term "street," in its broadest significance, includes the sidewalk as well as the cartway, it has long been the policy of the law to distinguish between them, and to recognize that, as to the former, the rights and responsibilities of the owner of property are quite different from those enjoyed by or imposed on him in relation to the latter, or the street as that word is used and understood in the common speech of the people. The owner of urban property, as a rule, may be compelled to lay a sidewalk at his own expense and is bound to maintain it in safe condition for public travel. As a consequence we find that it is customary in legislative acts on the subject to distinguish between the street or cartway, the duty to improve and maintain which is primarily on the municipality; and the sidewalk, as to which the primary obligation is on the property owner. In no act is this distinction more carefully marked than in that of May 16, 1891, P. L. 75, under which the proceeding to assess the benefits in this case was doubtless instituted.

After declaring in section 8 that "every municipal corporation shall also have power . . . . to grade, pave, etc., any public street, etc., and providing for the assessment of the costs and expenses thereof on the properties benefited, it further enacts, in section 11, "the municipal authorities may require sidewalks . . . . to be laid, and after notice to the owner . . . . and his failure to do so, the said municipal authorities may do the necessary work and assess the cost thereof upon the property of said owner." It is clear, therefore, that under this act there is no authority for the assessment complained of, because there was no ordinance requiring the appellant to lay a sidewalk, and no notice to him to do so. The city having undertaken to lay the sidewalk without ordinance and without notice cannot lawfully impose the cost thereof or any part of it on this appellant: Pittsburg v. Biggert, 23 Pa. Superior Ct. 540.

It is argued, however, that the city need not rely on the act of 1891 for its authority to construct a sidewalk and hence was not bound to observe the provisions of that act on that subject. It may be conceded that the act of 1891 did not repeal the earlier special Acts of April 5, 1849, P. L. 341, April 8, 1851,

P. L. 371, and April 1, 1870, P. L. 751; but this fact in no way helped the appellee not only because it is manifest that the present proceeding was not begun and conducted under either of them, but also because in each of them the distinction between a "street" and a "sidewalk" already noted is pointedly recognized. In no one of them was the legislature content to rest on the proposition now urged that when it said "street" it included therein "sidewalk."

Finally, to put beyond all doubt the fact that sidewalks, in legislative language and intent, are not included in the term P. L. 364, "street," the Act of June 4, 1901, providing when, how, upon what property and to what extent liens shall be allowed for municipal improvements, and repealing all other acts on that subject, provides, in section 8, that "no claim shall be filed for paving or repairing the footway of any highway unless the owner shall have neglected to do said work for such length of time as may be prescribed by ordinance, after notice so to do," etc.

Reading the present ordinance, therefore, in the light of a continuous line of legislative and judicial precedents we can find therein no warrant for the assessment complained of; nor can it be justified under the act of 1891 or any other act to which our attention has been directed. We must consequently sustain the second assignment of error.

. The fifth exception to the report of viewers is sustained and the decree of confirmation modified accordingly. The costs of this appeal to be paid by appellee.