# McMarlin *v.* Butler Borough, Appellant.

*Road law—Widening street—Petition—Estoppel—Borough.*

1. Where a property owner in signing a petition for grading and paving a street believes on information that the street was of a particular width, but makes no representation to the borough to that effect, and it turns out that the street is of a less width, and some of the petitioner's property is taken, the latter is not estopped from subsequently recovering damages for the land taken.

*Road law—Paving—Cartway—Sidewalk—Release of damages—Act of April 23, 1889, P. L. 44.*

2. Where the petition of a property owner for the grading, curbing and paving of a street distinctly states that the proceeding is under the Act of April 23, 1889, P. L. 44, and contains a release of damages, the release applies only to damages in connection with the grading and paving of the cartway, and will not prevent the petitioner from recovering damages for a subsequent change of grade of the sidewalk. The act of April 23, 1889, relates only to the paving, curbing and macadamizing of streets. The word "grading" while not mentioned in the act, is an incident to paving.

3. Whilst it may be conceded that the term "street" in its broadest significance, includes the sidewalk as well as the cartway, it has long been the policy of the law to distinguish between them, and to recognize that as to the former, the rights and responsibilities of the owner of property are quite different from those enjoyed or imposed on him in relation to the latter, or the street as that word is used and understood in the common speech of the people.

Argued May 11, 1909. Appeal, No. 46, April T., 1909, by defendant, from judgment of C. P. Butler Co., March T., 1908, No. 24, on verdict for plaintiff in case of James A. McMarlin v. Butler Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for land taken in widening a street, and for change of grade of a sidewalk. Before GALBREATH, P. J.

From the record it appeared that in July, 1906, the plaintiff and other property owners filed the following petition:

"The petition of the undersigned, being two-thirds of the owners of property representing two-thirds in number of feet of the properties fronting or abutting on Center avenue, from Standard avenue or the end of the street as now paved, to the borough line, a public street or thoroughfare of the borough of Butler, regularly laid out and opened, pray your honorable body to grade, curb with stone or other suitable material and pave with vitrified brick or other suitable material the said part of said street or thoroughfare, between the points above mentioned under the provisions of the act of assembly approved April 23, 1889, and assess the cost and expense thereof as provided by said act.

"And we waive any claim for damages done to our several properties, if any, by reason of said improvement."

In making the improvement the borough took a portion of the plaintiff's lands and changed the grade of the sidewalk.

Plaintiff presented this point:

The release of damages relating to grading, paving and curbing Center avenue, signed by the plaintiff, only released any damages that might accrue to him for grading the cartway of the street, it has no effect as a release of damages for grading the sidewalk or for grading any part of the plaintiff's property taken to widen the street, if any such were taken. *Answer:* That is affirmed. We have explained that to you, gentlemen, in the general charge. [1]

Defendant presented these points:

1. The plaintiff some time previous to April 16, 1907, having

signed and joined in a petition to the town council of the borough of Butler, praying that it proceed to grade, pave and curb Center avenue, fronting his property, in which petition was the following waiver: "And we waive any claim for damages done to our several properties, if any, by reason of said improvement," is now estopped from claiming damage to his property by reason of the grading of said street in conformity to the grade established by the borough engineer and adopted by the town council and no damages can be allowed therefor by the jury. *Answer:* This point is affirmed so far as it relates to the roadway, the improvement of which was contemplated by the petition and ordinance for the grading, paving and curbing of the street, but as to the grading of the sidewalk and opening of the street beyond the original limits, if such were the case, the point is refused. [2]

4. The plaintiff having testified that at the time he signed the petition to council praying that Center avenue be graded, paved and curbed, that he then considered and had knowledge of the fact that Center avenue extension, upon which his property is located, was of the width of fifty feet fronting his said property, but that he did not know the exact location of the said street on the ground, the only question to be determined by the jury in estimating whether or not any of the land of Mr. McMarlin was taken in grading the street, is to be determined by the location of Center avenue extension or Freeport turnpike on the ground fronting his property. *Answer:* The plaintiff having testified that a neighbor had told him about the time the petition for paving was being circulated that the street in question was a fifty-foot street, but there being no evidence that the said plaintiff made any representation to the town council that such was its width, in order to induce action on their part or otherwise, this point is refused. [3]

.The court charged in part as follows:

[So we say to you, gentlemen, whilst this petition contains a waiver of damages, it was the damages that would accrue by reason of any change of grade necessary in order that the paving of the street proper be distinguished from the sidewalk, and

that it was not a waiver of any damage that might result from the change of grade of the sidewalk from its established grade. [4]

[Now, taking those up in their order, taking the sidewalk first: Was the sidewalk cut down from its natural grade in such a way as to do damage to the plaintiff? It does not appear here that there was ever any grade established for the sidewalk in that vicinity by any borough authority, and in the absence of such official designation of grade the natural grade of the sidewalk, if such there was, along there prior to the time of the improvement, would govern, and if there has been any substantial change of the grade in such way as to do damage to the plaintiff, he would be entitled to recover damages on that account.] [5]

[I believe that he says that there was one stone step at the bottom by which he reached the boardwalk from the street, and that from the boardwalk up to the surface level of his house or lot were, I think he says, five steps at a point nearly in front of the porch; the question for you to consider is whether or not that sidewalk has been cut down in such a way as to do damage or injury to his property. If so, it would be an element of damage to be considered by you.] [6]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*John H. Wilson*, for appellant.—The plaintiff was estopped from setting up that the street was not of the width of fifty feet.

Appellant contends that the court in construing the legal effect of the waiver of damages by the appellee as set out in the petition on which the street was graded, paved and curbed, placed a too narrow and restricted construction on the waiver, in instructing the jury that this waiver of damages applied only to the grading of the cartway, and that if the plaintiff was damaged by reason of the grading of the footwalk outside of the curb of the cartway, then such grading between the curb of the cartway and the property line would constitute an element of

damage for which the plaintiff should be allowed compensation as he had not waived it in this petition: Steelton Borough v. Booser, 162 Pa. 630; Philadelphia v. Weaver, 14 Pa. Superior Ct. 293; Kemp v. Penna. R. R. Co., 156 Pa. 448; Updegrove v. R. R. Co., 132 Pa. 540; Hoffeditz v. South Penna. Ry. & Min. Co., 129 Pa. 264.

*T. C. Campbell,* with him *John R. Henninger* and *J. M. Painter,* for appellee.—While the act of 1889 does not mention grading, but only curbing and paving, and while the petition prays for grading, curbing and paving, the word "grading," used in the petition, has only reference to grading necessary to be done in the work of paving and curbing. The release still only has relation to work to be done under the provisions of the act of 1889: Shady Avenue, 34 Pa. Superior Ct. 327.

In construing legislation upon the subject, it is not to be presumed in the absence of explicit expression of legislative intent, that a departure from long-established rules is intended: Park Avenue Sewers, 169 Pa. 433; Mill Creek Sewer, 196 Pa. 183.

OPINION BY RICE, P. J., October 11, 1909:

One of the questions of fact which arose in the trial of the case was, whether in making the improvement, to which we shall hereafter refer more in detail, the borough actually widened the street and took part of the plaintiff's property in doing so. It arose in this way. While the action was trespass, it was agreed by counsel that the question whether any of the plaintiff's land had been taken should be determined in this action, and if it was determined in the affirmative, then the question whether the plaintiff's property was injured or benefited should also be determined in the action, in the same manner, and with the same force and effect, as if an ordinance had been enacted widening the street, viewers had been appointed and an appeal had been taken by either party from their award. There was no official record of the original location and width of the road, and the determination of these matters depended largely upon oral testimony similar in gen-

eral character to that usually adduced in such a controversy. No good purpose would be subserved by a recital of it. It is enough to say that under the conflicting evidence the question was for the jury, and that it was submitted to them by the learned trial judge in a manner of which the appellant has no just cause to complain. Nor did the mere fact that the plaintiff had been told by someone that the street was fifty feet wide, and that he believed it to be so at the time he signed the petition hereafter referred to, estop him from showing that it was not of that width, much less did it estop him from showing the true line of the street on his side. This is apparent when it is remembered that his belief was based on information that another property owner, evidently on the other side of the street, had given seventeen feet to make it fifty feet wide. This did not affect the line on his side of the street. Moreover, his belief as to the width of the street was immaterial, in the absence of any evidence that he made any representation as to its width to the borough council in order to induce action, as the learned judge properly said in answer to the defendant's fourth point. The third assignment of error is overruled.

We come next to the principal question in the case, to which all the assignments of error, excepting the third, relate. The plaintiff and others, being two-thirds of the owners of property representing not less than two-thirds in number of feet of the properties fronting or abutting on the portion of the street described, petitioned the borough council "to grade, curb with stone or other suitable material and pave with brick or other suitable material the said part of said street or thoroughfare, between the points above mentioned under the provisions of the act of assembly approved April 23, 1889, P. L. 44, and assess the cost and expenses thereof as provided by said act." The petition contained this waiver: "And we waive any claim for damages done to our several properties, if any, by reason of said improvement." The ordinance passed pursuant to this petition is not printed in the appellant's paper-book, but the official record of the trial shows that it was admitted by counsel that the improvement involved in the case was made in pursuance of its provisions. Leaving out of view the alleged widening of

the street of which we have spoken, the improvement consisted of these elements: first, widening the cartway part of the street to thirty feet, lowering the grade of that part of the street about two feet below the previous grade of the cartway, paving it with brick and curbing it; second, cutting down the sidewalk embankment on each side of the cartway, as thus widened and graded, to the level of the curbs. The plaintiff testified that before the latter was done there were five steps leading from the sidewalk to his front door, and two steps from the sidewalk to a side door, whereas, since the lowering of the grade of the sidewalk, from thirteen to fifteen steps will be required. So it is seen, if the plaintiff is to be credited, that the change of the sidewalk grade was considerable. The question is whether the release covered the damages thereby occasioned. Amongst other instructions upon this subject the court said: "It does not appear here that there was ever any grade established for the sidewalk in that vicinity by any borough authority, and in the absence of such official designation of grade the natural grade of the sidewalk, if such there was along there, prior to the time of the improvement, would govern, and if there has been any substantial change of the grade in such way as to do damage to the plaintiff, he would be entitled to recover damages on that account. . . . The question for you is whether or not that sidewalk has been cut down in such way as to do damage or injury to his property. If so, it would be an element of damage to be considered by you."

One criticism of these instructions urged by counsel is, that they withdrew from the jury the question whether or not a part of the street formerly used as a sidewalk was included in, and cut down in grading, the widened cartway. We agree with counsel that the waiver was a bar to recovery for damages thus occasioned, but we are unable to agree with him as to the effect of the judge's charge on the subject. The instructions in question must be considered in connection with the preceding instructions, in which the court drew a proper distinction between the grading done in order to the paving of the cartway part of the street and the grading of the sidewalk, and charged properly relative to the applicability of the release to the dam-

ages from the former.  The learned judge was now speaking of
its applicability to the latter, and evidently did not intend to
withdraw or contradict what he had said immediately before.
Nor were the instructions so ambiguous as to be misleading; on
the contrary, after careful consideration of the criticism of
counsel we conclude that it is not well founded.  The effect of
the instructions taken as a connected whole was to convey to
the mind of the jurors the idea that the waiver covered the
damages that occurred from the grading of the roadway but not
those that occurred from grading the sidewalk.  The same idea
was conveyed in the answer to the plaintiff's second point and
the answer to the defendant's first point.

Thus viewing the instructions we are of opinion that they
were correct.  "The consent which relieves a borough from its
constitutional obligation to make just compensation to the
owner for an injury to his property, means something more
than mere nonresistance.  It should be given to the municipal-
ity by the party interested, and it should embrace, in express
terms or by necessary implication, a release of the right to
damages:" Jones v. Bangor Boro., 144 Pa. 638; Dunn v. Taren-
tum Boro., 23 Pa. Superior Ct. 332.  The release of damages
interpreted in the light of this just principle is not the same as if
the petition had simply prayed that the street be graded,
paved and curbed.  The petitioners invoked the exercise of the
power conferred upon borough authorities by a particular
statute, namely, the Act of April 23, 1889, P. L. 44, which, as its
title indicates, relates only to the paving, curbing and macada-
mizing of streets.  The improvement contemplated in the re-
lease of damages was such as the borough could make in the
exercise of that power.  True, the petition speaks of grading,
but it was grading to be done under the provisions of that act,
and as is pointed out by our Brother HEAD in Shady Avenue,
34 Pa. Superior Ct. 327, it is matter of common knowledge that
the paving of a street usually involves excavation to bring
about uniformity of grade and contour.  The terms of the peti-
tion would have been satisfied by the grading of the part of
the highway the borough elected to pave.  It no more called for
grading the entire width of the street than for paving the entire

width. Again, it was grading, the cost of which could be assessed against the property owners under the act of 1889, that the petition prayed for. If the borough had elected to pave the entire width of the street from property line to property line, perhaps the release would have barred recovery of damages. But the borough did not elect to do this, but left space on either side for foot walks. Whatever the borough did with regard to these parts of the street was not done under the act of 1889 and was not an improvement, the cost of which could be assessed against the property owners. "Whilst it may be conceded that the term 'street,' in its broadest significance, includes the sidewalk as well as the cartway, it has long been the policy of the law to distinguish between them, and to recognize that as to the former, the rights and responsibilities of the owner of property are quite different from those enjoyed or imposed on him in relation to the latter, or the street as that word is used and understood in the common speech of the people:" Shady Avenue, 34 Pa. Superior Ct. 327. This distinction between sidewalks and cartways is recognized and maintained in many acts cited in the appellee's brief. In referring to the act of 1889 as the source of the borough's power, the petitioners recognized this distinction, and plainly indicated their intention to restrict their release to the grading and paving of the roadway, as distinguished from the sidewalk.

We have not discussed every point suggested in the able argument of appellant's counsel, but we have discussed the main points and have given full consideration to the entire argument of counsel. We find no error which would justify a reversal of the judgment.

Judgment affirmed.

PORTER, J., dissents.