# Levi, Appellant, *v.* Oakmont Borough.

*Road law—Street in borough—Paving and curbing—Two-thirds of property owners—Railway tracks.*

1. Where the right of way and tracks of a railroad occupy the entire frontage on the west side of a borough street, and a petition is presented to the borough counsel for the paving and curbing of the street, the railway company will not be liable for an assessment for such paving and curbing, and therefore need not be counted as an owner within the meaning of the Act of April 23, 1889, P. L. 44, which requires that signers of a petition to pave and curb shall represent "not less than two-thirds in number of feet of the properties fronting or abutting on said street." In such a case if the owners of two-thirds in number of feet of the properties abutting on the east side of the street sign the petition, the borough authorities will have jurisdiction.

2. The fact that a petition under the Act of April 23, 1889, P. L. 44, includes the word "grade" in addition to "pave and curb," will not defeat the jurisdiction of the court, where it appears as a fact that there was no grading or only such slight grading as is incidental to all paving.

3. When an improvement of a street is petitioned for under the Act of April 23, 1889, P. L. 44, the proceeding is subject to the discretion of the municipal authorities to regulate the width of the cartway and sidewalks and to fix the curb line.

4. Where a petition is presented to councils to pave and curb a street, the west side of which abuts upon the right of way and tracks of a railroad company, the borough authorities may fix the west curb line of the street parallel with and five feet distant from the west side of the street, thus leaving a sidewalk five feet wide next to the right of way of the railway company.

Argued April 21, 1910.   Appeal, No. 68, April T., 1910, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1908, No. 814, dismissing bill in equity in case of Ernest R. Levi v. Oakmont Borough.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Bill in equity for an injunction to restrain the defendant from filing a municipal lien against the property of the plaintiff on the east side of Oakmont avenue.

Shafer, J., found the facts to be as follows:

1. The borough of Oakmont is a borough in the county of Allegheny, through which the Allegheny Valley Railroad passed, and Oakmont avenue, the street in question, is a street of the borough running parallel with, and immediately adjacent to the right of way of the railroad, so that on the west side of the avenue there is no property except that occupied by the right of way, which is used exclusively for railroad purposes.

2. On the easterly side of the avenue there are twenty-nine properties in the part of the street in question in this case, including plaintiff, who owns about 200 feet front, the whole frontage being over 3,700 feet.

3. On or before September, 1907, a petition signed by twenty-five of the twenty-nine property holders before mentioned, representing over 3,100 feet frontage, was presented to the council of the borough, praying for the grading, paving and curbing of the street, the cost and expenses to be assessed under the act of April 23, 1889, and its supplements, whereupon the council, on September 2, 1907, passed an ordinance, reciting the petition providing for the making of the improvement prayed for, and letting a contract therefor, and a contract was thereupon made, as set out in the bill, and the work completed some time in November, 1907, and an assessment made against the abutting property holders on the easterly side of the avenue, the assessment against plaintiff being $606.

4. During all the time from the presentation of the petition up to the present time, plaintiff has lived upon the lot in question, and was aware of the passing of the ordinance and the paving of the street as the work was done.

5. There is a street car track on the avenue, about five feet from the westerly side, which was already paved between the tracks by the street car company. The paving directed by the borough and charged for, was the paving of the street east of the street car track, leaving the five feet next to the railroad unpaved.

The court entered a decree dismissing the bill.

*Error assigned* was decree of the court dismissing the bill.

*R. A. Balph*, with him *James A. Balph*, for appellant.— Proceedings for the charging of lands with the cost of local improvements, are creatures of statute which must be followed strictly: Pittsburg v. Walter, 69 Pa. 365; Commissioners of Kensington v. Keith, 2 Pa. 218; Queen St., 18 Pa. Superior Ct. 241; Wilson v. Allegheny City, 79 Pa. 272; Coxe v. Philadelphia, 47 Pa. 9.

We contend that the legislature cannot, in advance, arbitrarily fix the benefits arising from a public improvement in every locality: Seely v. Pittsburg, 82 Pa. 360; Hammett v. Philadelphia, 65 Pa. 146.

There is no authority to place the two-thirds of the costs upon the properties on the east side of the avenue: Ebensburg Boro. v. Little, 28 Pa. Superior Ct. 469; Agens v. Mayor, etc., of Newark, 37 N. J. L. 415.

The court has found as a fact that the appellant lived along the line of the avenue, and was aware of the improvement. That is true; but that fact does not estop the appellant from defending against the payment of the assessment: City of Bradford v. Fox, 171 Pa. 343.

*H. J. Thomas*, of *Thomas & Meals*, for appellee, cited: McMarlin v. Butler Boro., 41 Pa. Superior Ct. 20; Allegheny City v. R. R. Co., 138 Pa. 375; McGonigle v. City of Allegheny, 44 Pa. 118; Ebensburg Boro. v. Little, 28 Pa. Superior Ct. 469.

OPINION BY PORTER, J., December 12, 1910:

The plaintiff is a resident of the borough of Oakmont, in the county of Allegheny, and owns a lot fronting on the east side of Oakmont avenue, in said borough. There was, in the year 1907, presented to the council of the borough a petition signed by the owners of a large number of lots fronting on said avenue, stating that the signers were "more than two-thirds of the owners of property repre-

senting more than two-thirds in number of feet of the properties fronting or abutting on the avenue," and praying the council "to grade, pave and curb Oakmont Avenue"; and that "the costs and expenses thereof be levied, assessed and collected in accordance with the act of Assembly of the Commonwealth of Pennsylvania, approved the 23rd day of April, 1889, relating thereto and regulating the same, its supplements and amendments." The petition further represented that the right of way of a railroad company extended along the west side of said avenue for its entire length, and prayed that this should not, for the purposes of this proceeding, be considered as land abutting on the line of the improvement, and that the two-thirds of the costs and expenses of said improvement should be assessed and collected from the owners of real estate bounding and abutting on the east side of the avenue, by an equal assessment on the feet front bounding or abutting as aforesaid. The council of the borough duly passed an ordinance "authorizing the curbing and paving of Oakmont Avenue as prayed for," a contract was duly entered into with a contractor who completed the work according to his covenants, and it was accepted by the borough authorities. The proper borough officer made an assessment according to the foot-front rule, imposing two-thirds of the entire cost of the paving and curbing upon the properties fronting on the east side of the avenue, and making no assessment against the right of way of the railroad company, which did in fact occupy the entire frontage upon the west side of the street. The plaintiff then filed this bill praying the court below to restrain the borough and its officers from incumbering his land by filing a municipal lien for the assessment and from collecting the amount alleged to be due; and that the proceeding, in so far as it attempted to charge the property of the plaintiff, be declared to be without authority of law and null and void. The borough filed an answer specifically averring, among other things, that Oakmont avenue throughout its entire length was upon its west side bounded by the

right of way of the Allegheny Valley Railway Company, that said right of way was in actual use by the railway company for the uses and purposes of maintaining railroad tracks thereon and that "there is no part of said right of way between the westerly line of Oakmont avenue and the tracks of said railway company except such portion as is actually necessary to give a clearance for the trains moving over said tracks and the necessary slopes and drainage for said right of way." The answer further averred that no lien could be filed against the right of way of the Allegheny Valley Railway Company and no part of the cost of the grading and paving of the avenue could be charged against said railway company or its right of way, and that the petition for the improvement of the avenue had been signed by more than two-thirds of the owners of property representing more than two-thirds in number of feet of the properties fronting on the street, within the meaning of the act of April 23, 1889. The bill and answer dealt with other incidents involved in making the improvement, but the above statement of the facts sufficiently indicates the real question involved. The plaintiff filed a replication, and after hearing testimony, the court below dismissed the bill. The plaintiff appeals.

The appellant seeks to reverse the decree of the court below upon three grounds: (1) That the petition presented to council was not sufficient to vest the borough with jurisdiction to make the improvement and assess two-thirds of the cost upon abutting property, according to the foot-front rule, under the provisions of the Act of April 23, 1889, P. L. 44, for the reason that petitioners did not represent two-thirds in number of feet of the properties fronting or abutting on the street, although they were more than two-thirds in number of the owners of abutting property; (2) that the said act of 1889 does not authorize the inclusion, in proceedings under it, of the grading of a street and the assessment of the cost of such grading upon abutting property; (3) that the bor-

ough did not pave the entire street in the manner prayed for by the petition, a strip five feet wide next the right of way of the railroad company being left unpaved. There is nothing in the bill of the complainant nor in the testimony which would warrant us in considering the question whether the property abutting on this improvement was of such a character as to render inequitable the application of the foot-front rule in making the assessment. The learned counsel for the appellant has argued that this assessment according to the foot-front rule is unconstitutional, but there is nothing in the pleadings or the evidence which affords a foundation for this argument. The bill of complaint did not aver that the properties which were liable to assessment were not uniform in character nor that they were rural property; on the contrary, the bill did specifically aver that Oakmont avenue was the principal thoroughfare of the borough and had greater travel upon it than any other street or avenue therein, and that averment was well sustained by testimony, including that of this appellant. This eliminates from the case any question of the applicability of the statute to the property in question.

The sufficiency of the petition to confer jurisdiction upon council to pave and curb the street under the provisions of the Act of April 23, 1889, P. L. 44, was dependent upon whether the signers represented, within the meaning of the statute, "not less than two-thirds in number of feet of the properties fronting or abutting on said street." The total frontage upon the west side of the street was over 3,700 feet, all of which was occupied by the right of way of the Allegheny Valley Railway Company, which was used exclusively for railroad purposes. This fact was found by the court below and no other finding could under the evidence have been sustained. The frontage upon the east side of the street was 3,778.13 feet, and the petitioners represented a total frontage of 3,162.98 feet, upon that side of the avenue. If the right of way of the railroad company is to be considered as abutting property in com-

puting the frontage, then the petitioners did not represent two-thirds of the total frontage. If the land covered by the tracks and right of way of the railroad company is, within the meaning of the statute, not abutting property, then the petitioners represented very much more then two-thirds of the frontage. The act of 1889 authorized the authorities of a borough to curb and pave streets and assess in a peculiar manner, according to the foot-front rule, and collect from the "owners of real estate bounding or abutting thereon" two-thirds of the cost and expense of the improvement. The jurisdiction to exercise this power was by the statute made to depend upon the consent, to be evidenced by a petition, of two-thirds in number and extent of their holdings of the owners "of the properties fronting or abutting on said street." The legislature in designating those who should be liable to assessment used practically the same words which it employed when it came to indicate those who must consent to the exercise of the power. The legislative purpose manifestly was to make taxation in this manner to a certain extent dependent upon the express consent of those who were to be so taxed. That consent must be evidenced by the petition of two-thirds of the number of persons to be taxed, holding two-thirds of the value, or quantity of property to be taxed. The consent of those who will have to pay must be obtained before the expenditure is made. This being the legislative purpose, it is clear that the test of the right of a person to petition for an improvement must be his ownership of property which will be liable to assessment. The ownership of property which will not and cannot be liable to assessment can give no standing to sign a petition for an improvement to be made in this manner. No matter whether such nonassessable property physically abuts upon the particular street or is far distant from it. The provisions of the first section of the statute, standing alone, irresistibly lead to the conclusion that the owners whose election must determine this matter are the owners of the property which will be

taxed. But even if there were a doubt as to the meaning of the first section that doubt is conclusively resolved by the fifth section which provides that, "The term owner shall be construed to mean all individuals, corporations, public or private, and associations having any title or interest in the property assessed."

When the act of April 23, 1889, became a law it had been settled by judicial construction that the words "land, real estate or property," in a tax act did not include the necessary property of a corporation, although land, without which its public business could not be performed; and this statute cannot be held to render the right of way of a railroad company, in actual use as such, liable to assessment for the improvement of a street: Philadelphia v. Traction Company, 208 Pa. 157; Philadelphia v. Philadelphia & Reading Railroad Company, 38 Pa. Superior Ct. 529. No part of the costs and expenses of this improvement could be assessed against the right of way of the Allegheny Valley Railroad Company. This being the case, it follows that so much of the cost and expense of the improvement as was chargeable to the owners of abutting property must be paid by the property which was legally liable, in the proportion of the frontage of each lot to the entire frontage of the property which was assessable: McGonigle v. City of Allegheny, 44 Pa. 118; Scranton v. Koehler, 200 Pa. 126. The property abutting on the east side of Oakmont avenue was the only property which was legally liable to assessment for the improvement of a street under the provisions of the act of April 23, 1889; the owners of that property were the only persons entitled to be counted and the lots which they owned constituted the only frontage to be computed, when it became necessary to determine whether the petitioners for the improvement were sufficient in number and represented the requisite frontage to authorize an improvement to be made under the provisions of this statute. The petition in this case was signed by a sufficient number of owners representing the frontage necessary to confer

jurisdiction upon the borough authorities to make this improvement. This disposes of the first and principal contention of the appellant.

The second contention of the appellant is without merit. The act of 1889 does not authorize the imposition of an assessment, according to the foot-front rule, for grading a street, the jurisdiction conferred by that act being limited to paving and curbing. If under the provisions of this act it were attempted to change the grade of a street, no assessment for such work could be sustained. When, however, the legislature confers upon a municipality authority to do specific work this implies authority to do the things which are necessarily incidental to that work. The language of our Brother HEAD, in Shady Avenue, 34 Pa. Superior Ct. 327, is here applicable: "It is a matter of common knowledge that the paving of a street usually involves excavation to bring about uniformity of grade and contour; a substructure to provide for drainage and support, and finally a surface finish of asphalt, stone, brick or other material." The preparation of a suitable foundation is absolutely necessary in the proper construction of a modern street pavement, and the removal of the earth to a depth sufficient to make room for that foundation is an essential incident of the work: McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20. That the word "grade" was used in this sense in the petition which was presented to council, in connection with the words "pave and curb," seems manifest. No change of the grade of the street was contemplated. The ordinance which was passed by council authorized curbing and paving only, and the evidence disclosed that this was all that was done or attempted in improving the street. The conclusive answer to this complaint of the appellant lies in the fact that no part of the cost for grading is included in the assessment made against his property, and even if the borough had regraded the street he would have no standing to object upon that account: Amberson Avenue, 179 Pa. 634.

The third complaint of the appellant is founded upon the fact that the borough did not pave a strip along the west side of the street five feet wide, next to the railroad right of way. The statute relates only to the paving, curbing and macadamizing of streets and is to be construed as applying to the cartway: Shady Avenue, 34 Pa. Superior Ct. 327; McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20. When the improvement of a street is petitioned for under the provisions of this statute the proceeding is subject to the discretion of the municipal authorities to regulate the width of the cartway and sidewalks and to fix the curb lines: Ebensburg Borough v. Little, 28 Pa. Superior Ct. 469. The petition in the present case did not attempt to deprive the municipal authorities of this discretion; had such an attempt been made it must have failed. The petition vested the municipal authorities with jurisdiction to pave and curb the cartway, and it was for the proper borough authorities to exercise their discretion in fixing the width of that cartway. The borough authorities fixed the west curb line of the street parallel with and five feet distant from the west side of the street, thus leaving a sidewalk five feet wide next to the right of way of the railroad company. The entire cartway was paved and there is no foundation for the complaint of this appellant.

The decree is affirmed and the appeal dismissed at cost of the appellant.