## Wick, Appellant, *v.* Butler Borough.

*Road law—Grading—Waiver of damages.*

Although a petitioner for the grading and paving of a street may have waived damages, yet if the borough making the improvement changes the grade of a sidewalk, to the damage of the petitioner's property, the latter may recover for the injuries, notwithstanding the waiver; but in such a case it must appear that the change of grade of the sidewalk was something more than the mere change necessary to set the curb properly.

Argued May 9, 1911. Appeal, No. 157, April T., 1911, by plaintiff, from judgment of C. P. Butler Co., Dec. T., 1908, No. 61, on verdict for defendant in case of Richard H. Wick v. Butler Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeals from award of viewers. Before GALBREATH, J. The facts are stated in the opinion of the Superior Court.

At the trial plaintiff presented these points:

1. If the jury find from the evidence that by reason of the grading, curbing and paving of Walker avenue, along the line of plaintiff's property, the grade of the sidewalk was changed; that by reason of the change in the grade of the sidewalk the property of the plaintiff was thereby damaged, he is entitled to recover such damage in this action. *Answer:* Affirmed, if the jury find that the grade of the sidewalk was changed and that the damages occasioned thereby were greater in amount than the value of the benefits, if any, resulting from the change.

2. That if the grade of the sidewalk, or place for such sidewalk was changed by reason of the change in the grade of Walker avenue, and that such change resulted in damage to the plaintiff's property, he is entitled to recover such damage in this action, even though he or his agent may have signed a petition for the paving of Walker

avenue in which he waived damages, as such waiver only applied to the roadway, and not to the sidewalk. *Answer:* Affirmed with the qualification expressed in the answer to plaintiff's first point.

3. If the borough set the curb on Walker avenue along the line of plaintiff's property and in doing so graded back of the curb, on the line of the sidewalk, some two feet, or any distance, and if, in setting such curb and doing such grading, the grade of the sidewalk was changed and such change resulted in damage to plaintiff's property, he is entitled to recover the same in this action, notwithstanding a petition was signed which contained a waiver of all damages. *Answer:* If the jury so find, and that the grading of the sidewalk was other than was necessary for the purpose of setting the curb. [1]

The court charged in part as follows:

[Now as I have stated to you if he signed the petition or if it was signed by him in the way I have indicated, with the waiver in it, that waiver would estop him from recovering damages occasioned by the improvement of the street proper. The improvement of the street proper includes the setting of the curb and carries with it, as an incident, all such excavations as are reasonably necessary for the setting of the curbs at the sides of the streets. [2]

[And if any such change was made in the grade of the sidewalk, in order that the borough might become responsible, it must appear that the change of grade was done by the authority of the borough. What I mean by that is this, if the contractor, without any action on the part of the borough, of his own accord, went outside and changed the grade of the sidewalk he might become a trespasser in so doing.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*W. H. Martin*, for appellant.

*John H. Wilson*, for appellee.

OPINION BY RICE, P. J., July 13, 1911:

The instructions to the jury assigned for error were given on the trial of an issue framed on the plaintiff's appeal from the report of viewers appointed to assess damages he claimed he had sustained by the grading of Walker avenue. The proceedings originated in an ordinance adopted pursuant to a petition of two-thirds of the property owners, praying the borough "to grade, pave with vitrified brick or other suitable material and curb with stone curbing the said street, under the provisions of the act of assembly approved April 23, 1889, P. L. 44, and assess the cost and expense thereof as provided by said act." The petition contained this clause: "And we waive any claim for damages done to our several properties by reason of said improvement." Although the plaintiff did not sign the petition with his own hand, it was shown, on the trial, to the satisfaction of the jury, that his name was signed by his father, by his authority, and no question is now raised upon that point. The street was not paved from property line to property line, but spaces of about eight feet from each curb to the property line were left for footwalks. The contention of the plaintiff is that the borough went beyond the curb and changed the grade of the footwalk, which was at natural grade, by cutting down the footwalk up to the wall of his building, and that the damages resulting from that change of grade of the footwalk were not covered by the release. On the other hand, the borough contended, and adduced considerable evidence to show, that the part of the street set apart for footwalk in front of plaintiff's property had not been "graded out;" that the excavation made in that part of the street did not exceed two feet from the face of the curb, at the utmost, and was only such as was necessary to properly set the curb. The learned trial judge sub-

mitted this question of fact to the jury under an adequate, impartial, and lucid charge, in which, as well as by his affirmation of the plaintiff's first two points, the jury were instructed that, if there had been such change of grade of the part of the street left for footwalks as the plaintiff claimed had been made, he was entitled to recover any damages, over and above benefits, he had sustained by reason thereof, notwithstanding the release of damages embraced in the petition. This was in exact accord with the ruling in McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20. The reasons why the release of damages would not bar the plaintiff, if the facts were as claimed by him, were stated in that case, and need not be restated. But the applicability of that decision to the case under consideration depended on a finding that the grade of the sidewalk had been changed, and the jury refused, and were well warranted by the evidence in refusing, to make it. Their verdict, interpreted in the light of the charge and the answers to the points, means that no excavation or disturbance of the street outside the curb was made, excepting such as was necessary to set the curb properly. The setting of the curb was part of the improvement for which the plaintiff had petitioned, and any damages necessarily incidental to the making of the improvement were plainly released. The release is susceptible of no other interpretation. It follows that the instructions assigned for error were correct in point of law, and were such as were required in order to enable the jury to apply the law to the facts as they should find them. In thus submitting the case to the jury the learned court did not contravene or depart one iota from anything that was decided, or said, or even intimated, in McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20.

Little need be said with regard to the portion of the charge embraced in the third assignment. It cannot be contended that it was erroneous in law. The most that can be urged against it is that it was unnecessary and that, in view of the admission made at the outset of the

trial, that whatever work was done was done by the borough, it was misleading. We agree that it was unnecessary, for, as we read the testimony, no question was raised as to the authority of the contractor. But, having regard to the course of the trial, the charge, and the answers to the points, taken as a connected whole, we cannot agree that it could have misled the jury into the supposition that they might find in favor of the borough, upon the ground that the contractor had exceeded his authority. If the learned counsel had thought otherwise, and had deemed the remark of sufficient importance to require explanation, doubtless he would have reminded the court of the omission to call the jury's attention to the admission above referred to, when, at the conclusion of his charge, the learned judge expressly requested counsel to mention any omission he had made. In view of all of the considerations to which we have alluded, we conclude that this assignment does not embrace reversible error.

The assignments of error are overruled, and the judgment is affirmed.