## Braucher *v.* Somerset Borough, Appellant.

*Road law—Boroughs—Change of grade of cartway—Sidewalk.*

1. Where a borough undertakes to change the grade of the middle portion of the cartway of a street, leaving the sidewalk and a strip of the cartway next to the sidewalk on each side of the street, at the former level, an abutting owner is entitled to recover damages only for the work which the borough undertakes to do and which it completes. He cannot demand damages in the entire amount of the injury which his property would have sustained if the street had been graded to its full width from property line to property line, and the grading of that

width carried down to the level of the grading done by the borough in the cartway.

2. A borough may maintain a sidewalk upon a grade different from that of the cartway.

Argued May 4, 1914. Appeal, No. 53, April T., 1914, by defendant, from judgment of C. P. Somerset Co., Dec. T., 1912, No. 23, on verdict for plaintiff in case of S. G. Braucher v. Somerset Borough. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Appeal from award of jury of view. Before RUPPEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,065.23. Defendant appealed.

*Error assigned* was portion of charge quoted in the opinion of the Superior Court.

*Norman T. Boose,* for appellant.—The instruction as to damages was erroneous: Wilson v. Beaver Borough, 13 Pa. C. C. Rep. 75; Markle v. Philadelphia, 163 Pa. 344; Negley Avenue, 146 Pa. 456; J. G. Brill Co. v. Phila., 167 Pa. 1; Greensburg Borough v. Young, 53 Pa. 280; Shady Avenue, 34 Pa. Superior Ct. 327; McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20; Wick v. Butler Boro., 47 Pa. Superior Ct. 580; McCurdy v. Linesville Borough, 25 Pa. C. C. Rep. 189; Howley v. Pittsburg, 204 Pa. 428; Jones v. Bangor Borough, 144 Pa. 638; New Brighton Borough v. Peirsol, 107 Pa. 280; Correll v. Mt. Jewett Borough, 49 Pa. Superior Ct. 118.

*C. W. Walker,* with him *Alexander King,* for appellee.—The action of the borough authorities, in establishing the grade of the street by curb lines, without

differentiating between the sidewalks and the cartway in any manner whatever, fixes the grade for the entire street between the abutting property lines: Lewis v. Homestead Borough, 194 Pa. 199; McGar v. Bristol, 71 Conn. 652; Steelton Borough v. Booser, 162 Pa. 630; Dawson v. Pittsburg, 159 Pa. 317; Rodgers v. Philadelphia, 181 Pa. 243; Tabor Street, 26 Pa. Superior Ct. 167; Jones v. Bangor Borough, 144 Pa. 638; New Brighton v. Peirsol, 107 Pa. 280; Sedgley Avenue, 217 Pa. 313.

OPINION BY PORTER, J., July 15, 1914:

The borough of Somerset, on April 10, 1911, adopted an ordinance establishing the grades of the east and west curb lines of East street, in that borough. The street had long prior to that time been a public highway, open and used as such. The borough in April, 1912, caused a part of the cartway of the street, to wit, a strip twenty-one feet wide in the middle of the cartway, to be graded. The total width of the street was forty-nine and a half feet, of which ten feet in width on each side was sidewalk. The grading did not touch the sidewalks, and about four feet in width of the cartway next to the sidewalk, upon each side of the street, remained at the former level. The plaintiff owned a lot abutting upon the street and, on September 9, 1912, presented a petition to the court below praying for the appointment of viewers to estimate and determine the amount of damage which he had sustained by reason of the change of grade in the street, under the provisions of the Act of May 24, 1878, P. L. 129, as amended by the Act of April 27, 1911, P. L. 89, and the viewers were duly appointed. The viewers having made their report, the borough appealed and demanded a jury trial, which trial resulted in a verdict and judgment in favor of the plaintiff and the borough appeals.

The plaintiff contended, upon the trial, that he was entitled to an award of damages in the entire amount of the injury which his property would have sustained if

the street had been graded to its full width, from property line to property line, and the grading of that width carried down to the level of the grading done by the borough in the cartway. The borough authorities admitted that the plaintiff was entitled to some damages, but asserted that the borough had not undertaken to grade the entire street, including the sidewalks, that the work which the borough had undertaken was completed and that the sidewalks still remained in place, and asserted that the plaintiff was entitled to recover damages for the work which the borough had undertaken to do and which it had completed. The learned judge of the court below charged the jury, upon this question, as follows: "We say to you as a matter of law that under this ordinance and under the acts of the borough you shall estimate the damages as they will be when the sidewalk is lowered; there cannot be two suits for the same injury to this property, and all damages that are done by the grading of that street must be settled in this suit, and, therefore, your estimate will be based upon the damages that the plaintiff has sustained, including the lowering of the pavement down to the level of the cartway." This is made the subject of the first specification of error.

When the borough undertook this improvement it did not seek to avail itself of the benefit of the statutes conferring upon it the taxing power; the work was paid for out of the public treasury, and there was no attempt to impose any assessment upon property supposed to be peculiarly benefited. If this were an attempt to assess the property of this plaintiff for benefits, the burden would be upon the borough to show statutory authority and to establish that it had proceeded in accordance with the provisions of the statute conferring the authority. The borough of Somerset, when it graded the cartway of East street, was exercising the general powers conferred upon it by the statutes, to regulate its public streets. The plaintiff would not have been entitled

to recover for the injury of which he here complains, prior to the constitution of 1874; his right is founded upon the constitutional provision, the statute under which he proceeds affording the remedy for the enforcement of that right. The plaintiff is entitled to recover for the injury which his property has actually sustained because of what the borough has done, but not upon any speculative theory as to what the borough may do in the future: Jones v. Bangor Boro., 144 Pa. 638; Markle v. Philadelphia, 163 Pa. 344; Howley v. Pittsburg, 204 Pa. 428. The damages and benefits resulting from a public improvement are, it is true, required to be ascertained from the results of the improvement as an entirety. If a municipality undertakes to cut down the grade of a street ten feet and an owner of an abutting lot sells it at a time when the excavation has only been carried to the depth of five feet, the claim for damages for the injury to that lot cannot be split up between the successive owners. The man who was owner at the time the work began is entitled to the entire amount of the damages, and he who acquired title while the work was in progress is entitled to nothing. This, however, does not mean that a muncipality when it undertakes to grade a part of a street, be it either of the width or length of the same, must respond in damages upon the same basis as if it had undertaken to grade and actually graded the street throughout its entire length and width.

The learned judge of the court below seems to have misapprehended the meaning of certain expressions used in the decisions involving the exercise of the taxing power. The case of Borough v. Booser, 162 Pa. 630, held that a borough could not grade the cartway at the public expense and, at the same time, require the owners of abutting property to grade the sidewalks so as to meet substantial changes of grade in the cartway, and that was all that was meant when it was said: "When a borough exercises its discretion and decides to grade a street, the work is necessarily an entirety

and the whole of it is to be paid for according to the same rule. It need not all be done at the same time. If it seems wise to cut down or fill up the driveway only, postponing the grading of the sidewalks, until the abutting lots come into the market, there can be no objection to this action; but it would certainly be unjust and unequal to grade the public driveway at the public expense, and then compel each abutting owner to grade the public footway at his own expense." Here was a clear recognition of the power in the borough to grade the cartway at one time and the sidewalks at another. We followed that authority in Philadelphia v. Weaver, 14 Pa. Superior Ct. 293, holding that the abutting owner could not be required to pay the cost of making substantial changes in the grade of the sidewalk, to meet like changes in the grade of the cartway, which was being graded at the public expense.

The action of the borough in grading the cartway of the street, leaving the sidewalks at the former level, was clearly within its delegated powers. The plaintiff is entitled to recover damages for the injury to his property resulting from this lawful exercise of municipal power, but he is not entitled to recover upon the theory that the borough authorities may at some future time reduce the grade of the sidewalk. There was not in this case a scintilla of evidence tending to establish that the borough when it began this work or at any time during its progress intended to do more than grade the cartway. The work has been completed, and the sidewalks remain at their former grade. If the borough at some future time, in pursuance of proper municipal action, proceeds to reduce these sidewalks to the grade of the cartway, and an injury results to abutting property, the right to recover for that injury will be in the parties who own the property at the time it occurs: McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20; Wick v. Butler Borough, 47 Pa. Superior Ct. 580; Correll v. Mt. Jewett Borough, 49 Pa. Superior

Ct. 118.   There can be no question that the borough may maintain the sidewalk upon a grade different from that of the cartway.   The specification of error is sustained.

The judgment is reversed and a new venire awarded.