Kline and Herzog *v.* The Borough of Brookville, Appellant.

Argued April 9, 1929.

Before TREX-
LER, KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ. ▮

*W. N. Conrad*, for appellant.—The widening or
straightening of an improved or unimproved cartway
is not widening or straightening a street as street is
understood in section 1601 of Article XVI of the
General Borough Act: Shady Avenue, 34 Pa. Su-
perior Ct. 327; McMarlin v. Butler Borough, 41 Pa.
Superior Ct. 20.

*Raymond E. Brown*, for appellees.—The work au-
thorized by the ordinance complained of will both
widen and straighten the street: Logansport v. Legg,
20 Indiana 315; Gardner v. New Berne, 3 S. E. 500;
Blood v. Beal, 60 Atlantic 427; Erie R. Co. v. Patter-
son, 68 Atlantic 76; 43 Corpus Juris 528; McDevitt
v. Peoples Natural Gas Co., 160 Pa. 367.

OPINION BY GAWTHROP, J., July 2, 1929:
This is an appeal by the Borough of Brookville from
an order of the court of quarter sessions of Jeffer-
son County declaring void a certain ordinance of that
borough, entitled "An Ordinance establishing and re-
establishing the grade of East Main Street from......
to......., for the grading and re-grading, paving and

re-paving, re-curbing and draining of the said portion of said street, jointly by the borough and State, and collecting parts of the cost and expense of such con- struction and improvement, from the owners of real estate abutting on the said improvement, by an equal assessment on the foot front rule.'' The ordinance recites that the Commonwealth of Pennsylvania is about to re-construct a certain section eighteen feet in width, of said highway route No. 161, of which East Main Street forms a part, but will not re-construct and improve the street to a greater width than eighteen feet, and that the plans submitted by the Commonwealth to the borough council provide for im- proving an additional width of ten feet, parts of which have not been heretofore paved. It ordains and enacts that the borough enter into a contract providing for the construction of the additional ten-foot strip of pav- ing provided for in the plans, which will not be paid for by the State; and provides that the borough shall assume one-third of the estimated cost of the extra width of improvement and assesses two-thirds of the cost thereof against the properties abutting on the improvement according to the foot front rule.

Appellees, two owners of property abutting on the improvement, attacked the ordinance in the court be- low, in the manner provided by section 1010 of Article X of the Act of May 4, 1927, P. L. 519, known as ''The General Borough Act.'' It is stated in their brief that the only objections pressed in that court were that the ordinance was invalid (1) because it was not adopted by the affirmative vote of three-fourths of the whole number of councilmen, as required by section 1603 of Article XVI of the General Borough Act, in that only five members voted in favor thereof; and (2) because the work authorized and contemplated by the ordi- nance amounts to a re-paving for which the abutting property owners cannot be assessed. But inspection

of the record discloses that appellees offered no testimony to sustain their allegation that the portion of the street to be paved at the joint expense of the borough and owners of the abutting property had been previously improved, so as to render the proposed improvement thereof a re-paving for which abutting property owners cannot be assessed. Therefore, the court below properly disregarded that objection to the ordinance. He held, however, that the improvement authorized by the ordinance is a widening and straightening of the street and that, therefore, it amounts to an attempt to exercise the power conferred by section 1601 of Article XVI of the statute, which can be done only by an ordinance adopted by the affirmative vote of three-fourths of the whole number of councilmen.

Article XVI relates to locating, opening, widening, extending, straightening and vacating streets. Section 1601 thereof reads as follows: "Proceedings without petition of property owners—Boroughs may survey, lay out, open, widen, straighten, extend or vacate streets, lanes, alleys, and courts, or parts thereof, without petition of property owners." Section 1603 provides that any ordinance authorizing the exercise of any power conferred by section sixteen hundred and one of this article shall be adopted by the affirmative vote of three-fourths of the whole number of councilmen.

It is conceded by the borough that the ordinance was adopted by the affirmative vote of but five of the seven councilmen, which is less than three-fourths of the whole number thereof. The only testimony at the hearing in the court below was that of the borough engineer, who was called by appellees. He testified that the present width of the pavement between the curbs is from twenty to twenty-two feet; that if the street is re-improved in accordance with the provisions of the plans and specifications of the State Highway

Department and the ordinance here involved, the lines of the street will not be changed or straightened; and that the widening of the cartway will be within the present street lines. No official record of the original location and width of the road was offered in evidence and the determination of these matters depends upon the oral evidence of this witness, who testified that from information acquired by measuring the distance between the street lines of abutting property, the width of the street was between fifty and sixty feet.

The question on which this appeal turns is whether the improvement to be made under this ordinance amounts to a widening or straightening of the street within the purview of section 1601 of the statute, or whether the borough was invoking the exercise of the power conferred upon it by section 1712 of the General Borough Act, which relates only to grading, curbing, guttering, paving, macadamizing or otherwise improving streets, lanes and alleys; and was making the improvement in pursuance of its provisions. Manifestly this section of the act refers to proceedings to improve the cartway of the street as distinguished from the street in its broadest significance, including the sidewalk. Inspection of the ordinance makes it clear to us that it was drawn under this section. This conclusion is confirmed by the testimony that the improvement if carried out would not result in straightening or widening the street in its broadest sense, but would affect only the roadway. This distinction between the street or cartway, the duty to improve which is primarily on the municipality, and the sidewalk, as to which the primary obligation is on the property owner, has frequently been recognized by the Legislature. See Shady Avenue, 34 Pa. Superior Ct. 327; McMarlin v. Butler Borough, 41 Pa. Superior Ct. 20. The distinction was recognized and maintained in the Act of 1927, which in Article XVIII provides that "boroughs may

ordain and lay out sidewalks, gutters and drains *on the streets* of the borough.'' As an ordinance providing for the improvement of a street authorized by section 1712 does not require an adoption by the affirmative vote of more than a majority of the whole number of councilmen, the ground upon which the court below held the ordinance void is not tenable. None of the other objections raised to the ordinance in the court below are properly before us.

The order declaring the ordinance void is reversed at the cost of the appellees.