## DiSepio v. Helmetag

*Harry R. Mayer*, for plaintiff.
*Timothy J. Savage*, for defendant.

WILSON, *J.*, August 16, 1978—After trial held before me on August 2, 1978, I make the following findings of fact and conclusion of law:

## FINDINGS OF FACT

1. On June 26, 1967, plaintiffs Daniel N. DiSepio and Rosemary M. DiSepio executed an agreement of sale on lot 16 on a plan of subdivision prepared by Israel Sarota, surveyor and regulator of the ninth district dated June 22, 1967, containing certain frontages on Caldonia Street.

2. On June 26, 1967, plaintiffs Daniel DiSepio, Sr. and Catherine J. DiSepio executed an agreement of sale on lot 15 on a plan of subdivision prepared by Israel Sarota, surveyor and regulator of the ninth district dated June 22, 1967, containing certain frontages on Caldonia Street.

3. Subsequently, at settlement deeds were passed and title transferred from defendants to plaintiffs.

4. Plaintiffs have made numerous demands that defendants improve the lots and install sidewalks and curbs in front of the lots.

5. Defendants have refused to install sidewalks and curbs and still refuse to do so.

6. Defendant George L. Helmetag testified at trial that he never intended to install sidewalks and curbs because that would be economically nonfeasible at the agreed sale price.

7. The agreement of sale between the parties states that Caldonia Street will be improved and paved to City of Philadelphia specifications at the sole expense of the seller.

8. The City of Philadelphia has installed streets on Caldonia Street.

## CONCLUSION OF LAW

In construing the agreement between the parties

hereto the court must look to the principal evidence, the contract between them. Upon reviewing these agreements of sale, I found the language to be reasonable and unambiguous. The court can not inject into the terms provisions that are not included therein. It is unreasonable to believe that defendant meant anything other than "street" when he said "street." It is clear to me that street does not include curbs and sidewalks. While it is true that the courts of Pennsylvania have ruled that sidewalks are both included and excluded as part of streets, one court said that sidewalks are not included within the meaning of "street" for the purposes of the Pennsylvania law relating to the grading and paving of streets: Shady Avenue, 34 Pa. Superior Ct. 327, 331 (1907). In this case "street" was not meant to include and does not include curbs and sidewalks.

## DECREE NISI

And now, August 16, 1978, upon consideration of testimony heard, evidence presented, the foregoing findings of fact and the conclusion of law, the court finds for defendants, Ted Helmetag and George L. Helmetag and Mary S. Helmetag, h/w.