## Panoutsos, Appellant, *v.* Borough of Ambridge et al.

*Equity—Injunction—Nuisance—Streets—Grading.*

A court of equity will not restrain, as a nuisance, the maintenance of a concrete gas valve house in the ungraded portion of a street intersection, where it appears that the valve house conforms

292, (1922).]    Syllabus—Opinion of the Court.

to the grade of the area in which it is located, and the real nuisance consists not in the erection of the valve house, but in the failure of the borough to grade the street.

Argued April 20, 1922.  Appeal, No. 2, April T., 1922, by plaintiff, from decree of C. P. Beaver Co., Dec. T., 1918, No. 3, in equity, dismissing exceptions to the findings of the court, in the case of John Panoutsos v. Borough of Ambridge and the Ambridge Gas Company.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Bill in equity for an injunction to restrain a nuisance. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court found that the gas valve house, complained of, did not constitute a nuisance, and subsequently dismissed exceptions filed by the plaintiff.  Plaintiff appealed.

*Error assigned* was the decree of the court.

*William A. McConnell,* for appellant.—A nuisance erected and maintained by a public corporation in a highway is as liable to legal punishment as the same acts done by private persons: Wartman et al. v. City of Phila., 33 Pa. 202.

*Homer H. Swaney,* and with him *J. Rankin Martin,* and *Thompson Bradshaw,* for appellee.—The test of a nuisance in a highway is the fact of obstruction without regard to the degree of inconvenience: Com. v. First National Bank, 207 Pa. 255; Davis v. Crafton Borough, 75 Pa. Superior Ct. 37.

OPINION BY TREXLER, J., July 13, 1922:

The plaintiff brought his bill in equity against the Borough of Ambridge and Ambridge Gas Company, as-

signing that he is the owner, in possession, of a lot of ground, situated in the above borough, said lot having a frontage of 28 feet, one inch, facing the intersection of Duss Avenue and Elm Lane; further that the Ambridge Gas Company, under a permit granted to it by the Borough of Ambridge, erected within the limits of Elm Lane and immediately in front of the plaintiff's ground, what is known as a concrete gas valve house, said house being constructed about twelve feet from the line of the lot of plaintiff, and that said valve house interferes with and obstructs traffic upon Elm Lane and cuts off the approach to said lot and constitutes a nuisance. Certainly, if these facts, standing alone, appear, it would seem that the case would be one for equitable relief. We, however, find that the intersection of Elm Lane and Duss Avenue has not been graded by the borough authorities up to the line of plaintiff's property, but there is an ungraded area left, in which the gas house, complained of, is located. It is the area that obstructs the approach to plaintiff's property. This portion of the intersection of the streets, the court found, remains in its natural state and forms an abrupt approach to plaintiff's lot. The gas house is on the same grade as this triangular area and is covered with planks, which are practically level with the surface and would not obstruct passage across this plateau, if such passage were feasible. These facts, as found by the court, were amply substantiated by evidence and although the plaintiff is placed in an unfortunate position, and perhaps should be afforded the relief he prays for by the borough, we cannot see how the court, in accordance with the established principles of law, could have granted his prayer. The plateau, or elevated area, which really forms the nuisance, if any there be, was left there by the borough when it graded the streets. The court below could not, neither can we, tell the borough how far or to what width they shall grade a street. That is a matter which the law has placed within the discretion of the borough authorities. Thus in

Braucher v. Somerset Borough, 58 Pa. Superior Ct. 130, this court recognized the right of the borough to change the grade of the middle of the cartway of a street, leaving the sidewalk and a strip of the cartway next to the sidewalk at the former level.  See also Frick v. Phila., 60 Pa. Superior Ct. 283.   As long as the triangle in front of plaintiff's property continues to be left at the natural grade, the approach to the plaintiff's property will be obstructed but the placing of the gas valve house in said area, the top of which conforms to the natural surface of the land, does not add to the obstruction and cannot be considered a nuisance.

The decree of the court below is affirmed, appellant for costs.